JOSEPH PATRICK DOHERTY, Respondent, v. ALEXANDER M. STEWART, Appellant, and PATRICK SHANNON, Defendant.— In an action to recover for personal injuries the plaintiff, a floorman in a public garage, was cleaning, or about to clean, the left running board of appellant's automobile while the motor was running. It is claimed that, without warning, the car was started and plaintiff was struck by the door handle of the car and thrown against the side of a nearby standing automobile. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the law and the facts, and a new trial granted, costs to appellant to abide the event. The charge of the learned trial justice did not adequately inform the jury as to the nature of the negligence with which appellant was charged. The general law of negligence was correctly stated, but the jury was given no information as to the precise issue of fact that it was to determine. The request to charge (reported at fols. 872–873 of the record) was, in our opinion, not a request to charge which of the facts had been established, but was a request to state how the law should be applied to the evidence. In view of plaintiff's testimony that

the motor of appellant's automobile was running when plaintiff squeezed himself in between the side of the car and the nearby automobile, it could be found that plaintiff placed himself in a position of peril. If that be found, there can be no recovery unless appellant's chauffeur had actual knowledge of the peril and nevertheless caused the injury. Actual knowledge, however, even though denied, may be inferred from circumstances. The reference to an insurance company in the cross-examination of the witness Bartley seems to have been unintentional, but none the less prejudicial. Because we grant a new trial on other grounds, we do not pass on the claim that the amount of the verdict is grossly excessive. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.