GERALD NACHWALTER et al., Respondents, v. SAMUEL R. FELDMAN, Appellant. — In an action to recover damages for personal injuries and for medical expenses and loss of services incidental thereto, judgment in favor of plaintiffs reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. After a witness for the defendant had testified, there was received in evidence, on her cross-examination, a statement which she had made out of court, which differed from her testimony given on the trial, and which if considered as affirmative evidence of the facts could have influenced the jury in deciding that the accident complained of was caused by defendant's negligence. The learned trial court, in charging the jury, did not mention the statement or instruct the jury that it could be considered only to impeach the credibility of the witness (*Matter of Roge* v. *Valentine*, 280 N. Y. 268; *Allen* v. *Mendelson*, 266 App. Div. 969) and refused to charge with respect to the statement as

requested by defendant's attorney, "except as already charged". It is our opinion that the court, although not required to charge in the precise language of the request, should have charged at least the substance of what was requested. The jury had not been instructed at all with respect to the purpose for which evidence of the contradictory statement could be considered, and if it be assumed that the form of the request was to some extent inaccurate, it nevertheless served to draw attention to the omission of a charge on a question as to which the jury should have been instructed in the first instance. (Cf. *Lynch* v. *Pratt,* 222 App. Div. 179, and *Doherty* v. *Stewart,* 255 App. Div. 1004.)   Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.