■ The People of the State of New York, Respondent, v. Albert Jefferson, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant of rape in the first degree and from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ Fannie Silver, Respondent, v. American Housecraft Corporation et al., Appellants.— On the court's own motion, the decision handed down November 10, 1958 is amended by striking therefrom the second paragraph and by substituting therefor the following: "Order entered July 8, 1958 modified by striking from the ordering paragraph thereof which determines the motion for judgment on the pleadings the words 'in all respects denied' and by substituting in place thereof the following: 'granted as to defendants Silver and Fishkin on the first cause of action and is otherwise denied'." As so modified order insofar as appealed from affirmed, without costs. "The first cause of action does not allege facts sufficient to constitute a cause of action against the individual appellants." Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ Syd Springer et al., Appellants, v. Great Atlantic & Pacific Tea Company, Respondent.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from a judgment of the County Court, Westchester County entered on the verdict of a jury dismissing the complaint. Judgment reversed and a new trial ordered, with costs to appellants to abide the event. The case was submitted to the jury on an erroneous theory. The error in the main charge was emphasized when the court denied appellants' request to charge and commented thereon (see, e.g., *Robinson* v. *City of New York*, 5 A D 2d 197). The court should have corrected the charge and instructed the jury in substance that it could find that the placing of packages on a cart, i.e., the placing of a carton on the bottom shelf of the cart, was negligent (see, e.g., *Nachwalter* v. *Feldman*, 284 App. Div. 984; *Bergman* v. *Schultz*, 274 App. Div. 1001; *Abbott* v. *New York Public Lib., Astor, Lenox & Tilden Foundations*, 263 App. Div. 314, 318; *Robinson* v. *Atlantic & Pacific Tea Co.*, 184 Misc. 571, affd. 269 App. Div. 977). The interests of justice require a new trial (see, e.g., *Swift* v. *Poole*, 172 App. Div. 10). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.