**UNITED STATES of America ex rel. Albert JEFFERSON, Appellant,**

v.

**Hon. Harold W. FOLLETTE, as Warden of Green Haven State Prison, Stormville, New York, Respondent.**

No. 498, Docket 32032.

United States Court of Appeals Second Circuit.

Argued May 7, 1968.

Decided June 6, 1968.

Francis P. Clarke, New York City (Anthony F. Marra and Joseph T. McGough, Jr., New York City, on the brief), for appellant.

Mortimer Sattler, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., of the State of New York and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for respondent.

Before LUMBARD, Chief Judge, SMITH and ANDERSON, Circuit Judges.

LUMBARD, Chief Judge:

Albert Jefferson appeals from an order of the Southern District which dismissed, without a hearing, his application for a writ of habeas corpus based upon allegations that a coerced confession was used against him at trial and that the state hearing on the voluntariness of the confession was inadequate. We reverse and remand for a hearing upon the voluntariness of the confession.

Jefferson was convicted of rape in the first degree after a trial by jury in Nassau County Court and was sentenced on March 7, 1958 to a term of 10 to 15 years as a second felony offender. At the trial, the complainant, Emma Lawrey, testified that she and Jefferson lived in the same rooming house and that on October 21, 1957 Jefferson came into her room, kicked and punched her and then forcibly raped her. As corroboration of her testimony, required by state law, N.Y. Penal Law 1909 § 2013 (now N.Y. Penal Law § 130.15 (McKinney's Consol.Laws, c. 40, 1967)), the state introduced into evidence a statement signed by Jefferson admitting that he had raped the complainant.

Despite his previous felony conviction, Jefferson took the stand and testified that the complainant had voluntarily consented to intercourse. He also testified that the confession which he had signed was not given voluntarily, that he had been held incommunicado in the police station, threatened, physically mistreated and that his requests to contact his lawyer were denied.

After Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1954), Jefferson applied for *coram nobis* to determine the voluntariness of his confession, in accordance with the procedures adopted by New York in People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965). The Huntley hearing was held in Nassau County Court before Judge Oppido on April 14, 1965. Jefferson alleges in his affidavit that he did not meet or confer with his assigned counsel, Mr. Leo McGinnity, until the morning of the hearing, at which time he asked Mr. McGinnity to request an adjournment so that a crucial witness who had been present at the police station during part of Jefferson's interrogation, Robert Baumann,[1] could be subpoenaed to appear as a witness on his behalf.[2]

---

1. On appeal counsel have referred to this witness as "Robert Bowman," evidently adopting the spelling used in the sentencing minutes. We have adopted the spelling used by petitioner in his reply affidavit.

2. The minutes of the sentencing show that trial counsel had moved at the sentencing for a new trial on the ground that he had just learned that at the time Jefferson was interrogated in the police station there was present a Mr. Robert Baumann, residing in Oceanside, who could testify that the police grasped Jefferson and shook him forcibly before he signed the confession.

The motion for a new trial was denied. While the conviction was appealed,

Jefferson alleges that McGinnity told him that Baumann's absence made no difference.

The minutes of the Huntley hearing show that no adjournment was requested. The State called various police officers who acknowledged that Jefferson had been questioned, but denied that he had been threatened or physically attacked. During cross-examination, Jefferson's counsel did not ask whether Robert Baumann was at the police station during the interrogation. He never mentioned Baumann during the course of the hearing and called no witnesses on Jefferson's behalf.

Jefferson alleges that he tried to speak at the hearing and tell the court that he wanted to call Baumann as a witness. He alleges that Mr. McGinnity told him that if he made a statement to the court or took the stand, McGinnity would "wash his hands of the whole thing." The hearing minutes show that after the court announced its finding that the confession was voluntary beyond a reasonable doubt, Jefferson asked permission to speak. When the judge gave his assent, Jefferson began to make a statement, but the judge cut him off. After Mr. McGinnity expressed his feeling that Jefferson should not testify, the judge informed Jefferson that he could only reopen the hearing by taking the witness stand. The record shows that there was a private conference at the bench between the judge and Mr. McGinnity, followed by an off the record discussion between McGinnity and Jefferson. Jefferson then stated on the record that he did not wish to testify.

Jefferson appealed, alleging that he had not received a full and fair post-conviction hearing on the voluntariness of his confession. The county court's decision was affirmed without opinion. 25 A.D.2d 527, 558, 268 N.Y.S.2d 926 (2d Dept. 1966), motion for leave to appeal denied (N.Y., May 17, 1966). Thereafter Jefferson filed a *pro se* petition for a writ of habeas corpus in the district court, stating that he felt he was not given a fair hearing in the state court on his claim of a coerced confession because his right to obtain defense witnesses was denied him by his assigned counsel. The district court, noting that the record of the hearing contained uncontradicted testimony, that Jefferson was represented by experienced counsel and that Jefferson decided not to testify or offer evidence after consulting with his attorney, denied the application without a hearing.

The Attorney General sets forth two reasons why the decision of the district court should be sustained on appeal. First, it is argued that the findings at the Huntley hearing were supported by the evidence and there is no proof that the hearing was inadequate. However, if the material facts were not adequately developed at the Huntley hearing, a federal hearing must be held even though the state court's findings were supported by the evidence adduced. Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The Attorney General argues strenuously in his brief that Jefferson has not produced any evidence that Robert Baumann exists or that Baumann's testimony would have changed the results of the Huntley hearing.[3] However, the affidavit submitted on behalf of the State did not deny Jefferson's allegations but merely alleged that they

denial of the new trial motion was not raised as error on direct appeal of the conviction. People v. Jefferson, 7 A.D. 2d 857, 182 N.Y.S.2d 340 (1959), motion for leave to appeal denied (N.Y., August 14, 1959).

3. If the Attorney General's evaluation of the availability and materiality of the evidence which Jefferson seeks to present at the federal hearing is correct, and

in fact Bauman does not exist or does not testify in the manner that petitioner expects, then, of course, it will be unnecessary for the State to produce any witnesses at the federal hearing as the writ should be denied on the basis of the state court's findings that the confession was voluntary because Jefferson will have failed to sustain his burden of proof. 28 U.S.C. § 2254(d).

were insufficient and technically deficient. These allegations are consistent with the transcript of the hearing and Jefferson's claims prior and subsequent to the hearing. We find that Jefferson's uncontroverted affidavit and reply affidavit, considered in light of the record, are a sufficient showing that Jefferson may have been denied the means adequately to develop the facts at the state court hearing and that a federal hearing is required if Jefferson's state remedies are exhausted. We cannot say that failure to develop the testimony of Baumann at the Huntley hearing was a waiver of Jefferson's rights or attributable to petitioner's inexcusable neglect when there are uncontradicted allegations that appointed counsel refused to permit him to raise the issue. Townsend v. Sain, 372 U.S. at 317, 83 S.Ct. at 745. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ The state's second argument for sustaining the decision of the district court is that Jefferson has not exhausted his state remedies because he did not apply for a rehearing or re-opening of the Huntley hearing on the grounds urged as the basis for the federal writ. We are urged to dismiss the writ because Jefferson's claim that Baumann should have been called to testify on his behalf was never presented to the judge at the Huntley hearing. The claims which Jefferson presents here were presented to the Appellate Division on the appeal from the Huntley hearing.[4] While the order of the county court was affirmed without opinion, we cannot assume that the state court failed to pass upon the issues that were raised. United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963). We find it sufficient that this claim was raised in a state court which had the opportunity to pass on the merits of the claim in the course of an appeal. United States ex rel. Carafas v. LaVallee, 334 F.2d 331, 333 (2d Cir. 1964), cert. denied, 381 U.S. 951, 85 S.Ct. 1798, 14 L.Ed.2d 725 (1965). See United States ex rel. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (U.S. May 21, 1968).

■ Nor is it necessary for Jefferson to appeal the denial of a *coram nobis* in the county court in which he sought to raise separately the issue of denial of counsel at the time of the police interrogation which resulted in his confession. It is unnecessary to undertake a collateral attack in the state courts on an unexhausted claim merely because it could result in relief similar to that sought on the exhausted claims presented in the application for the federal writ. Roberts v. LaVallee, 389 U.S. 40, 42–43, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2d Cir., April 29, 1968).

We find that there is a sufficient showing that the state hearing upon the voluntariness of petitioner's confession may have been inadequate and that state remedies have been exhausted. The order of the district court is vacated and the case is remanded for a hearing.

---

4. The first point raised in Jefferson's brief on appeal from the Huntley hearing was "At the post-conviction Huntley hearing defendant was not afforded an adequate evidentiary hearing upon the voluntariness of his confession." The brief states,

"At this morning conference with counsel, Jefferson asked that the impending hearing be adjourned to permit defendant to review the trial record and additionally, for the purpose of securing the attendance of a crucial defense witness, by subpoena. The witness in question was an acquaintance of Jefferson's who, defendant avers, was present in the detective's squad room of the Baldwin, Long Island precinct during an episode of the interrogation of the accused, the individual viewing and overhearing both Jefferson's request for counsel and the coercive treatment accorded appellant. * * * whether his testimony would prove vital or not, and whether the trial court would grant or deny the necessary adjournment to procure this key witness, it is submitted that the complete failure to avail defendant this option was tantamount to a denial of a fair, full and meaningful hearing on the issue of the voluntariness of his confession."