**UNITED STATES of America ex rel. Albert JEFFERSON, Appellee,**

v.

**Hon. Harold W. FOLLETTE, as Warden of Green Haven State Prison, Stormville, New York, Respondent-Appellant.**

**No. 267, Docket 35223.**

United States Court of Appeals, Second Circuit.

Argued Sept. 18, 1970.

Decided Jan. 11, 1971.

Moore, Circuit Judge, dissented and filed opinion.

———◆———

G. Jeffery Sorge, Matthew Muraskin, James J. McDonough, Legal Aid Society, Mineola, N. Y., for appellee.

Mortimer Sattler, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. New York, for appellant.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

Jefferson was convicted of rape in the first degree after a trial by jury in Nassau County Court and was sentenced on March 7, 1958 to a term of 10 to 15 years as a second felony offender. At the trial, as corroboration of the complainant's testimony, the state introduced into evidence a statement taken from Jefferson on the afternoon of October 23, 1957 in which he admitted over his signature that he had raped the complainant.

In 1965 Jefferson obtained a New York State *Huntley* hearing for the purpose of attacking his conviction on the ground that the confession introduced against him at trial had been an involuntary one. At this hearing Jefferson wished to call a witness to the confession but, allegedly because of his appointed counsel's advice, the witness was not called and Jefferson himself did not take the stand. Relief was denied, and this denial was affirmed without opinion by the Appellate Division, Second Department, 25 A.D.2d 527, 558. Leave to appeal to the New York Court of Appeals was denied (1966).

Jefferson then applied for a federal writ of habeas corpus. The application, brought to the United States District Court for the Southern District of New York, was denied without a hearing on the ground that petitioner had been represented by adequate counsel at the *Huntley* hearing. We vacated the order below and remanded for a hearing on the ground that the *Huntley* hearing may have been inadequate. U. S. ex rel. Jefferson v. Follette, 396 F.2d 862 (2 Cir. 1968).

At the hearing below, Robert Baumann, the missing witness at the *Huntley* hearing, was called. He stated that he had been present in the Nassau County police precinct station at Merrick Road, Baldwin, Long Island, the station at which the confession was taken, on a late afternoon in October 1957. Baumann was unable to fix the date of his visit to the precinct station but remembered it was in October because the occasion of the visit was to lodge a complaint against two men who had uprooted some newly planted trees on his property. He testified that he saw petitioner handcuffed to a chair; that petitioner was being beaten and manhandled by policemen, and was being told to sign a statement; and that he heard the petitioner asking for petitioner's lawyer.

Although Baumann did not recognize Jefferson at that time, he recently recalled after an interview with a Legal Aid investigator that he had played football with the petitioner in 1947, and he had no trouble whatever at the hearing below in recognizing Jefferson as the man whom he saw in the precinct station in October 1957. Baumann's testimony was contradicted only by the prior recorded testimony of the police given at the original trial and at the *Huntley* hearing.

Petitioner testified on his own behalf and stated that he had originally made an exculpatory statement upon his arrest, that the police were angered by this, and that he was beaten and shoved around by policemen. After further threats, he was told to make a confession, and in his own handwriting he wrote down the words a police officer directed him to write. This statement was later transcribed on a typewriter, and he also signed the typed statement.

Petitioner further testified that he conferred with his assigned counsel, Leo McGinity, at the *Huntley* hearing briefly before the hearing and also after the judge had made his decision. Allegedly Jefferson complained to McGinity about the latter's failure to seek an adjournment in order to secure Baumann, to which McGinity allegedly responded that it would do no good to get Baumann, and that even Jefferson's own testimony would not be helpful although he was willing to try to reopen the matter if petitioner wished to testify.

McGinity was called by respondent, but his recollection was rather vague. He did testify that his discussion with petitioner before the *Huntley* hearing was not as brief as petitioner claimed it was, and that he had never prevented any defendant from taking the stand on his own behalf if the defendant insisted that he wished to do so.

On the basis of the above evidence the experienced judge of the court below found that the October 23, 1957 confession was involuntary and should have been excluded at Jefferson's trial. Accordingly he granted the writ. Respondent appeals on the ground that Judge Murphy's findings are not supported "by a fair preponderance of the credible evidence."

While we readily admit that Baumann's identification of petitioner after so many years is unusual, we cannot agree that Baumann was untruthful. The judge below believed him, and the resolution of issues of credibility is the function of the trier of fact. Judge Murphy's findings are not unsupported by the record, and we do not hold them to be "clearly erroneous" under Fed.R. Civ.P. 52(a). The decision below is affirmed.

MOORE, Circuit Judge (dissenting):

The chronology, the background of the facts and our overriding of the New York State courts in this case prevent me from joining in the opinion of, and the result reached by, the majority.

The appellee, Albert Jefferson, convicted of rape in the first degree and sentenced (March 7, 1958) as a second felony offender, has had his full share of "due process." In 1965 he obtained a *Huntley* hearing attacking a 1957 confession. Upon advice of counsel a witness was not called. Jefferson did not take the stand. All State appellate rights were exhausted. Then followed the quite usual resort to the Federal courts. The habeas corpus petition was denied without a hearing. On appeal this court thought that "the *Huntley* hearing may have been inadequate" and remanded for a District Court hearing. At that hearing in 1969 a witness appeared who then remembered that he had played football with Jefferson 21 years ago and that he recognized in 1969 Jefferson as the man he had seen in the police station in 1957 being coerced into signing a confession although he did not recognize Jefferson at the time.

At the original trial the victim of the crime testified; the confession was introduced. This in 1958. Seven years later at the *Huntley* hearing Jefferson apparently had forgotten about or was unaware of his football friend even as the friend was unaware of Jefferson. In any event Jefferson did not take the stand.

By coincidence time (or better the lapse thereof) has proven to be a remarkable restorative to two memories. To a decision to override the courts of New York upon such a foundation I cannot subscribe and, hence, would reverse the order below.