Jerry Gene EATON, #73261, Petitioner,

v.

Murry F. GIBBONS, County Attorney, Mc-
Clain County, Oklahoma, Respondent.

No. A–13972.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1966.

Jerry Gene Eaton, pro se.

Murry F. Gibbons, County Atty., McClain
County, Purcell, respondent.

BRETT, Judge.

Jerry ·Gene Eaton, #73261, has filed in
this Court his petition for writ of habeas
corpus and/or post-conviction appeal. He
states that he was sentenced to the State
Penitentiary by the district court of Mc-
Clain County, Oklahoma, on January 12,
1966 for a term of seven years, and his only
grounds for release or appeal are that the

term is excessive, and that it is his "first time in any prison".

The County Attorney of McClain County has filed a response showing that defendant was charged under Title 21 O.S.A. § 1541, with the crime of obtaining 86 head of cattle by means of a false and bogus check. To the response is attached a transcript of the arraignment and plea had in the district court of McClain County, together with a copy of a "waiver of constitutional rights on plea of guilty:" executed by the defendant.

The transcript of arraignment and plea show that the district judge thoroughly explained all of defendant's constitutional and statutory rights and privileges; all of which defendant waived, and entered his plea of guilty. The county attorney recommended the maximum sentence of seven years. Thereafter the court further examined the defendant, and explained the consequences of his plea of guilty, and defendant stated that he wanted the court to accept his plea of guilty at that time, and to pronounce sentence, and that it was his desire to be taken to the penitentiary at the sheriff's convenience, so that he could "start serving it and get it over with". The defendant stated to the court that he was from Chicago, Illinois, was 33 years of age, and had been in Oklahoma about two months.

As hereinbefore stated, it was the petitioner's sole contention for relief that the punishment assessed is excessive. The question of the excessiveness of the punishment can only be determined by the appellate court by a study of all the facts and circumstances in each particular case; and where the judgment and sentence is entered on a plea of guilty of the crime charged, if an appeal where granted there would be no record before the Court by which modification could be justified.

After a thorough examination of the record before us, we are of the opinion that none of the defendant's rights were violated; that the district court of McClain County had jurisdiction of the person of this defendant, of the crime charged, and that he did not exceed his authority in pronouncing sentence; that the defendant is not entitled to release from his confinement by habeas corpus; and that since he has not shown that any of his constitutional or statutory rights have been denied him, he is not entitled to a post-conviction appeal.

The writ of habeas corpus and post-conviction appeal are denied.

BUSSEY, P. J., and NIX, J., concur.