Joe Charles AVANTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13947.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1967.

Joe U. Turney, John D. Ward, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This matter is reconsidered on petition for re-hearing. Plaintiff in error, hereinafter referred to as the defendant, was tried by a jury and convicted for the crime of carrying a concealed weapon, after former conviction of a felony. The jury assessed defendant's punishment at ten years confinement in the state penitentiary. The Attorney General filed a motion to dismiss, for the reason defendant failed to make proper notification of his intent to appeal and request casemade. The Attorney General's motion is overruled and the matter is herewith considered on its merits.

▇ The evidence is sufficient to show that the defendant did have in his possession, at the time he was apprehended by the police, one .32 caliber pistol. In his defense, the defendant testified and offered his explanation concerning how he came into possession of the weapon, in an effort to show that he had taken it away from another man who was attempting to use it against him. Defendant's story was corroborated to some extent, at least, by one witness. Likewise, one of the State's rebuttal witnesses corroborated the same story in certain aspects, when the officer related defendant's explanation to him the following morning, concerning what happened.

Defense counsel offered his objections to the information prior to its being read to the jury, on the grounds that it was prejudicial to defendant on the charge for which he was being tried. The information properly charged defendant with carrying on his person a .32 caliber pistol; however, in stating the after-former-conviction element of the charge, it stated: " * * * the crime of Robbery with Firearms * * * and the crime of Unlawful Possession of Marijuana, After Former Conviction of a Felony * * *."

Defendant's position was that in relating the specific felonies, the State was placing defendant's character in evidence prior to the introduction of any evidence whatsoever. Defendant contended, further, that the allegation should read, " * * * having heretofore been convicted of a felony, of a crime punishable under the laws of · the State of Oklahoma," and that such should be under a two-stage proceeding.

The State countered by stating that Title 21 Okl.St.Ann. § 1283 is one of those statutory crimes which requires the specification of the former convictions. The trial court overruled defendant's objection and the trial proceeded.

Without ruling on that question, this Court has heretofore held that in such cases either procedure is acceptable. However, it would appear, under the circumstances and facts of this particular case, there may be some merit in defendant's proposition.

▇ Defendant objects to State's exhibit No. 5, which was an "Application for Purchase of Dangerous or Deadly Weapon", which was on file in the Tulsa Police Department. As defendant points out in his brief, such application was filed fifteen years prior to the date this alleged crime was committed, and prior to the time defendant was convicted of any felony. He contends further, that such exhibit prejudiced the defendant in his trial, and was error.

We believe it was error for the trial court to have admitted the exhibit, but such was not sufficient alone to justify the Court in

reversing this case. We observe, however, that there seemed to be no connection between the exhibit and the weapon in question. The exhibit was for Mauser, automatic, .32 caliber, serial number 935016, whereas the pistol in question was a Browning, automatic, serial number 2303T. We must, therefore, conclude that it was improperly admitted into evidence.

Defendant's next proposition contends that it was error for the prosecution to announce the calling of Donald Norman Wilson as a witness when such person had not been served a subpoena and was not present in court, thereby further prejudicing the jury towards the defendant. Insofar as the subpoenas are not contained in the record, we are unable to determine whether or not the witness was served with a subpoena. The prosecutor stated later in the trial that he had issued such subpoena, but the witness was not found. The witness, Donald Norman Wilson, was the other person involved in the altercation which resulted in defendant's arrest and conviction.

■ It is of some concern to the Court, wherein the record reflects that the witness Wilson was not present in court. It causes more concern insofar as one of the State's witnesses, a police officer, testified on direct examination that he was "assigned to work the case out"; whereas later, on cross examination he was asked the question, "Did you talk to Norman Buddy Wilson about this case?" to which witness answered, "No, I sure didn't." It appears to the Court that under those circumstances of investigation, the defendant's story concerning the fight and the manner in which he acquired the pistol, which story was not disproved by the State, must be accepted. Again, however, this in itself is not sufficient to cause a reversal for the reason the defendant testified that he did have the pistol in his possession when he was arrested, and that he did attempt to elude the policeman. His reasons for such actions may be understandable, but they do not justify them.

Lastly, defendant states that the punishment is excessive, based on the evidence, and is the result of the prejudice and passion created within the jury by the facts as stated in his propositions one and two.

While no single complaint of prejudice, in itself standing alone, may be sufficient to reflect the passion and prejudice instilled in the jury, we believe that all considered together are sufficient to reflect such results.

■ We cannot help but observe that had the other key-witness been made available to testify at the defendant's trial, the jury might have viewed the evidence differently. But such was not the case. In fact, the record clearly reflects that the witness was not even interrogated during the investigation of the facts. We are therefore left to arrive at but one conclusion, that all of the facts of the case were not presented to the jury. This is not in accordance with our system of jurisprudence.

Therefore, this Court must not only consider the question, whether or not the jury believed the defendant's explanation, but more fundamentally—would the jury have believed the defendant's explanation in the absence of the prejudice caused by the State, as contended by the defendant. Under the facts and circumstances of this case, as reflected by the record, we believe they would have.

■ It has long been the rule of this Court that the excessiveness of punishment can be determined only by a study of all facts and circumstances in each particular case. See: Collins v. State, 96 Okl.Cr. 335, 255 P.2d 292; and Eaton v. Gibbons, Okl. Cr., 419 P.2d 563.

■ This Court also stated in Stokes v. State, Okl.Cr., 366 P.2d 425:

"The appellate court upon consideration of entire record and all circumstances, may reduce sentence where record indicates that substantial justice would be served by so doing." (22 Okl.St.Ann. § 1066)

We are therefore of the opinion, after considering the entire record before the Court, that justice will be better served by modifying the maximum sentence imposed on defendant, Joe Charles Avants, on September 21, 1965 in the district court case No. 21399, in Tulsa County, from ten years to three years imprisonment in the state penitentiary.

It is therefore ordered that the sentence, as modified, is affirmed.

NIX, P. J., concurs.

BUSSEY, J., not participating.