Ivan Eugene WATERS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14370.

Court of Criminal Appeals of Oklahoma.

May 7, 1969.

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Ivan Eugene Waters, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County with the crime of Robbery in the First Degree, After Former Conviction of a Felony. He was found guilty and sentenced to an indeterminate sentence of fifteen to forty-five years imprisonment in the State Penitentiary at McAlester, and appeals.

Prior to trial, the court-appointed attorney for the defendant filed the following instruments:

"AFFIDAVIT TO OBTAIN TRANSCRIPT IN FORMA PAUPERIS.
STATE OF OKLAHOMA
COUNTY OF TULSA SS.
Ivan Eugene Waters, having been first duly sworn upon his oath, states:

I

That he is the defendant in the above styled case and on the 14th day of November, 1966, he was arraigned on the charge brought against him and that on the 21st day of November, 1966, he had a preliminary hearing in the above cause.

II

Affiant further states that he is completely without funds of any nature with which to pay for the transcript and he has no relatives or friends who are financially able or willing to assist him in said appeal; that he is destitute and without funds or resources of any nature, having been represented by the public defender of Tulsa County, Oklahoma, so far in this matter.

III

Affiant further states that his request for transcript is in good faith.

IV

Affiant further states that his attorney is unable to properly prepare the defense for jury trial without transcript of the preliminary hearing and without funds for any type of investigative or discovery procedure.

V

Affiant further sayeth not.

/s/ IVAN E. WATERS
Ivan Eugene Waters

Subscribed and sworn to before me this 29th day of December, 1966.

/s/ L. E. LINDSAY,
Notary Public."

"AFFIDAVIT OF ATTORNEY
STATE OF OKLAHOMA ⎱
COUNTY OF TULSA    ⎰ SS
R. Michael Lang, having been first duly sworn upon his oath, states:

I

That he is one of the public defenders in Tulsa County, State of Oklahoma, and that he in this capacity represents Ivan Eugene Waters, defendant herein.

II

Affiant further states that he is unable to properly prepare for jury trial or properly represent the above defendant, from memory without a copy of the preliminary hearing transcript or any other means of investigative or discovery procedure, due to the complex nature of the evidence as shown at the preliminary hearing.

### III

Affiant states the above because he is unable to substantially remember testimony surrounding the proving of a crime, and testimony showing probable guilt of defendant as presented in the preliminary hearing.

/s/ R. MICHAEL LANG
Attorney for Defendant.

Subscribed and sworn to before me this 29th day of November, 1966.

/s/ L. E. LINDSAY,
Notary Public."

"APPLICATION TO OBTAIN TRANSCRIPT IN FORMA PAUPERIS

Comes now the defendant, Ivan Eugene Waters, and represents to the court as follows:

### I

That on the 21st day of November, 1966, defendant was bound over for trial in the District Court upon finding in the preliminary hearing that a felony had been committed and that there was probable cause to believe he was guilty of said felony.

### II

That as appealed in the affidavit, filed herein, the defendant is unable to pay the costs of this necessary transcript and that he has no relatives or friends financially able to bear the costs of this or assist him in any way, and that this transcript is essential to properly prepare this case upon memory without the assistance of said transcript of any other discovery or investigative aids.

WHEREFORE, defendant prays that this court order a transcript for him, to be prepared for him at the expense of the State of Oklahoma.

/s/ IVAN E. WATERS,
Defendant."

The above request for transcript of the preliminary hearing at public expense was denied by the trial court with exceptions allowed, and forms the basis of the narrow issue determinative of this appeal.

Counsel for defendant argues that since a person financially able is entitled to purchase a transcript of testimony taken at preliminary hearing in order to adequately prepare for trial, it was a denial of the defendant's constitutional right to due process and equal protection as guaranteed him by the Constitution of the United States to deny him a transcript of the testimony taken at the preliminary hearing at public expense in order that he might adequately prepare for trial.

This precise issue was resolved by the Court of Appeals of New York in People v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S. 2d 226, 224 N.E.2d 730, decided December 30, 1966, wherein the New York Court of Appeals held in substance that the state cannot, consonant with equal protection clause of state and federal constitutions, deny defendant in criminal prosecution, prior to trial, access to transcript of preliminary hearing because of his inability to pay, and therefore when defendant requests transcript and when request is accompanied by affidavit of indigency, State must honor request if it is made far enough in advance of trial to give State reasonable amount of time to transcribe minutes and to avoid necessity of suspending trial pending production of transcript.

*Montgomery* was cited with approval by the Supreme Court of the United States in Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41, delivered October 23, 1967, wherein that Court stated:

"Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution. See, e. g., Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 889 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R. 1055 (1956). Only last Term, in Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L. Ed.2d 290 (1966), we reiterated the statement first made in Smith v. Ben-

nett, 365 U.S. 708, 709, 81 S.Ct. 895, 6 L.Ed.2d 39, 40 (1961), that 'to interpose any financial consideration between an indigent prisoner of the state and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws.' We have no doubt that the New York statute struck down by the New York Court of Appeals in Montgomery, as applied to deny a free transcript to an indigent, could not meet the test of our prior decisions."

As pointed out in the dissenting opinion of Mr. Justice Harlan, in Roberts v. La-Vallee, supra, an indigent's right to a transcript of the preliminary hearing at public expense was not based on any consideration of whether the transcript of the preliminary hearing was beneficial to the defense.

It is equally clear that were this question to be presented to the Federal Courts, they would have no other course than to vacate the judgment and sentence.

■ Reluctantly, and in accordance with the authorities above set forth, we reverse and remand this cause for a new trial, with directions that the District Court of Tulsa County enter an Order directing that the defendant be provided a transcript of his preliminary hearing in Cause No. 22,-303, at public expense prior to the new trial granted herein. Reversed and remanded for a new trial with instructions.

BUSSEY and NIX, JJ., concur.