**Ricky Don BRYANT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14842.**

Court of Criminal Appeals of Oklahoma.

April 29, 1970.

Ward & Mayhue, and Calvert L. Cannon, Ada, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

The defendant, Ricky Don Bryant, who shall hereinafter be referred to as the defendant, was charged by information in the District Court of Pontotoc County with the crime of Maiming. He was tried before a jury, who found defendant guilty and assessed his punishment at Five Years in the penitentiary. It is from this judgment and sentence that defendant has appealed to this Court confining his brief to the argument that it was error for the trial court to refuse to grant defendant ·a continuance.

Defendant asked for a continuance for the reason that he had been unable to obtain a copy of the transcript of the preliminary hearing. The facts as to the time element are related, as shown by the court minutes. The crime was alleged to have occurred on the 4th day of January, 1968. Charges were filed in Justice of the Peace Court on January 5th, 1968. A preliminary hearing was held on January 24, 1968. A trial in district court was held February 15th and 16th, 1968. The following motion was filed before the district court three days before the trial began, and was overruled by the court:

"Comes now the defendant, Ricky Don Bryant, and moves the court to continue for a reasonable time the trial of the above-entitled cause now set for the 15th day of February, 1968, for the reason that said defendant is unable to properly prepare his defense for the trial of this cause at the time set by reason of the fact that the defendant has been unable to obtain a proper transcript of the testimony of the witnesses at preliminary hearing and no transcript of said hearing has been filed; that defendant has exercised due diligence in seeking the necessary transcript but that the reporter by reason of illness has been unable to complete the same for use by defendant and his attorney in preparing his said defense and for purposes of cross-examination of said witnesses for the said prosecution. That it is necessary for this defendant and his attorney to have the benefit of said testimony prior to trial to assist his counsel in the defense thereof; that this application is not made for the purpose of delay but in order that justice may be done, and that, if a continuance is granted for a reasonable time, that the material will be available for use prior to and at the time of trial.

Dated this 12th day of February, 1968."

Also, defendant filed an affidavit to the same effect.

Defendant contends that it constituted error for the trial judge to deny the motion for continuance and force him to trial without the benefit of a transcript of the preliminary hearing.

█ This Court is of the opinion that defendant is entitled to a transcript of preliminary where due diligence has been shown in acquiring the same and where it is needed for cross-examination of prosecuting witnesses. See, Cargill v. United States, 10 Cir., 1967, 381 F.2d 849. Also, Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41.

█ We observe from the record in the instant case that the prosecution attorney furnished the defendant with a copy of a tape recording of the testimony of the preliminary hearing thirty-six (36) hours before trial. This appears to have been adequate time for the defense to have made a copy of the testimony he desired so he may have used it for impeaching the State's witnesses.

In view of the fact that defense counsel had the benefit of this recording, we feel that the defendant was not prejudiced by failure of the trial court to grant the continuance.

Therefore, the judgment and sentence of the trial court is affirmed.

BRETT, P. J., and BUSSEY, J., concur.