**Leo ANAYA, Petitioner-Appellant,**

v.

**J. E. BAKER, Warden, Respondent-Appellee.**

**No. 664–69.**

United States Court of Appeals, Tenth Circuit.

May 25, 1970.

Rehearing Denied June 22, 1970.

Thomas T. Crumpacker, Denver, Colo., for appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen., Albuquerque, N. M. (James A. Maloney, Atty. Gen., Santa Fe, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

On February 24, 1964, Anaya was indicted by a state Grand Jury for violation of the statutes prohibiting the sale and possession of marijuana. He was extradicted from California and brought before the New Mexico court for arraignment on April 17, 1964. Anaya was without counsel and requested that counsel be appointed. The trial court; after questioning Anaya briefly concluded he was not a pauper and refused to appoint counsel for him despite Anaya's protestations.

Anaya defended himself at a jury trial on June 16, 1964, which resulted in a hung jury. He was tried again without counsel on December 8, 1964, by a different judge who relied on the previous ruling that Anaya was not entitled to counsel. He was convicted and sentenced to a term of 2–10 years and was fined. State court appeal and post-conviction remedies have been exhausted thereby establishing the matter as properly before the federal courts.

In March, 1969, Anaya filed a petition for a writ of habeas corpus in the Fed-

eral District Court for the District of New Mexico. By agreement of all parties the hearing was limited to oral argument with records of all prior proceedings in the New Mexico state courts being introduced as the only evidence. The court denied the petition without probing the fairness of the initial proceedings which had resulted in Anaya's conviction. The sole issue raised is whether or not Anaya was entitled to have counsel appointed to defend him at the time of his arraignment and trial in 1964.

On April 17, 1964, the time of arraignment, and June 16, 1964, the date of trial without counsel, § 41–11–2 N.M. Stat.Ann. (1953) constituted the law of that state relative to appointment of counsel. The statute was enacted to implement N.M.Const. Art. 2 § 14 [1] and the Sixth Amendment of the United States Constitution.[2]

The New Mexico statute directs in part, "The court * * * is hereby authorized and required to assign to such person counsel not exceeding two [2], if the prisoner has not the financial means to procure counsel * * *." § 41–11–2 N.M.Stat.Ann. (1953).

The transcript reflects that the state trial court at the arraignment, in determining whether Anaya was entitled to appointed counsel under the above statute, declared that to qualify a defendant must be a pauper. The court defined "pauper" as "a man with no property or means or money or any way to get any." Black's Law Dictionary, Bouvier's Law Dictionary and Random House Dictionary all define a pauper as one so poor that he must be supported at the public expense. Because the trial court felt that Anaya was not a pauper, it declined to appoint counsel for Anaya.

By the time the second trial took place, the court by its rules had supplemented the above statute and constitutional provisions in Rule 92 of the New Mexico Rules of Civil Procedure, N.M. Stat.Ann. § 21–1–1(92) (1953). Essentially that rule provides that defendants charged with felonies are entitled to appointed counsel if it is determined that they are indigent. While it would seem that this language relying on "indigency" as the proper standard for determination of when an accused is entitled to appointed counsel would be a proper consideration after its effective date, the subsequent judicial proceedings, including the second trial, and all post-conviction appeals and relief as well as the federal trial court relied on the initial finding of the state trial judge. That judge concluded, "I am going to rule you are able to hire a lawyer for yourself or to pay your own lawyer," which was a conclusion based upon a pauper standard as heretofore indicated. Therefore, we examine the propriety of that standard in the light of the circumstances and events of the social structure at that time as reflected under federal constitutional mandate.

■ That the Sixth Amendment right to counsel guarantees to persons unable to obtain their own counsel the right to have counsel appointed in their behalf is a fairly fundamental proposition. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (recognizing an indigent's right to appointed counsel in federal courts); Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963) (extending the obligation to appoint counsel to indigents to the states through the 14th Amendment); and see The Doctrine of Right to Counsel, 23 SW.L.J. 490 (1969). It has not been made clear who are indigents or persons unable to obtain counsel.

The language of the New Mexico statute, "if the prisoner has not the financial means to procure counsel," is very

1. N.M.Const. Art. 2 § 14 provides *inter alia*: "In all criminal prosecutions, the accused shall have the right to appear and defend himself in person, and by counsel * * *."

2. U.S.Const. Amend. VI provides *inter alia*: " * * * and to have the Assistance of Counsel for his defence."

close to the language in the Criminal Justice Act of 1964, "financially unable to obtain counsel." 18 U.S.C. § 3006A. Both statutes are governed by the same constitutional mandates and the language must be viewed as a relative concept measured in each case by reference to the particular need under consideration. Thus viewed, we can see that the defendant need not be "indigent" but instead, when the defendant lacks the financial resources which would allow him to retain a competent criminal lawyer at the particular time he needs one, he is entitled to appointed counsel. Representation of Defendants, 36 F.R.D. 129. *Cf.* Wood v. United States, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20 (1967).

The following standard of eligibility is suggested by the Committee of the Judicial Conference of the United States and the Justice Department:

"In order to be eligible for appointed counsel or other defense services under the C.J.A., a person accused of a federal crime (other than a petty offense) need not be destitute or indigent; he need only be 'financially unable to obtain an adequate defense.' A defendant who is able to pay part of the cost of his defense will be required to do so, and only the balance will be provided." Improving the Criminal Justice Act, 55 Am.Bar J. 217 at 219.

■ Examining the pauper standard set by the state trial court, it is evident that appointed counsel would be restricted to only those qualifying for public relief. We can find no court that has so restricted the right to counsel even when the term "indigent" is used to define those entitled to appointed counsel. Therefore we conclude that the standard used by the court was too restrictive to pass constitutional muster.

The court below granted a limited review only to determine whether or not the finding that Anaya was not an indigent was supported by the record in the state courts. Because of what we have said above, this limited determination of indigency under the standard of pauperism does not conform to constitutional mandate.

Reversed.