**Jack Percy McCRAW, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A—14909.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Lamar, Tryon, Sweet, Hensley & Field, Guymon, for plaintiff in error.

G. T. Blankenship, Atty. Gen., David L. Russell, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Jack Percy McCraw, hereinafter referred to as defendant, was arrested on December 20, 1967, for burglary in the second degree. He was taken before a magistrate on December 22, 1967, at which time bond was set and defendant's application to appoint counsel denied. On January 24, 1968, the defendant came on for preliminary hearing stating "I wish to waive preliminary hearing because of pressure I am under without counsel present." Defendant was bound over to the district court for trial.

The district court then appointed an attorney, Mr. Wright, to represent defendant at the arraignment on January 26, 1968, at which time counsel filed a motion to quash on the grounds that defendant was denied a preliminary hearing and assistance of counsel. The motion was withdrawn after the court indicated defendant would have to pay for a new bond if the motion was granted.

Thereafter, another attorney, Vincent Dale, was appointed to represent defendant and on April 16, 1968, he filed a motion to quash on the same grounds. The court overruled the motion and defendant proceeded to trial on April 17, 1968. He was found guilty and on May 29, 1968, judgment and sentence was imposed sentencing defendant to five years imprisonment. After overruling motion for new trial, counsel was appointed to represent defendant on appeal.

Defendant contends he was denied his right to counsel at the preliminary hearing, and thereby prejudiced and forced into waiving the preliminary. The court apparently declined to appoint counsel for the preliminary because defendant had been released on bond, owned automobiles, and indicated that at some future date he might be able to secure legal assistance. The record shows that the bond was posted by defendant's son, that the vehicles were heavily mortgaged, and that defendant had five dependents at home. Defendant was never able to secure counsel, and was represented at all stages after the preliminary by court appointed counsel.

The denial by the court to appoint counsel for the defendant at the preliminary examination questions the standard of indigency necessary to qualify for appointed counsel. Title 22, O.S.Supp.1969, § 464, provides that at the district court level when an accused "is financially unable to employ counsel" the court must appoint counsel. 22 O.S.Supp.1969, § 1074, provides that on appeal counsel shall be appointed if the defendant "is without adequate funds or resources to employ legal counsel." Of course, there are several factors to be considered in determining who is "financially unable" or "without adequate funds or resources" to employ counsel. But it is not necessary that one be destitute or on public relief to qualify for appointment of counsel.

■ The United States Supreme Court held in Adkins v. E. I. DuPont, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948) that "we cannot agree with the court below that one must be absolutely destitute to enjoy the benefits of the statute" allowing appeal in forma pauperis. The Court observed "nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon

what may be a meritorious claim in order to spare himself complete destitution."

A similar view was announced in the recent decision of the United States Court of Appeals, Tenth Circuit, in Anaya v. Baker, 427 F.2d 73 (10th Cir. 1970), where the petitioner was convicted in a New Mexico state court after appointment of counsel had been denied. The state statute provided for appointment of counsel if the accused "has not the financial means to procure counsel." The state court held that to qualify under this statute the defendant must be a "pauper" and defined such as "a man with no property or means or money or any way to get any." The Court of Appeals in holding that defendant had been denied his Sixth Amendment right to counsel by the use of a standard "too restrictive to pass constitutional muster" held a defendant "need not be destitute or indigent."

"[T]he defendant need not be 'indigent' but instead, when the defendant lacks the financial resources which would allow him to retain a competent criminal lawyer *at the particular time he needs one* he is entitled to appointed counsel." (emphasis ours) 427 F.2d at 75.

■ With regard to the instant case, the fact that defendant was free on bond posted with funds provided by his son and that he had title to heavily mortgaged vehicles did not preclude a finding that he "lacks the financial resources" to retain his own counsel. It is understandable that an accused with limited financial resources might use them to pay for a bond to secure his freedom rather than paying a lawyer's fee. Apparently the district court on three occasions at arraignment, trial, and on appeal —found defendant was "financially unable to employ counsel" and appointed counsel. There is nothing in the record indicating a change in defendant's financial condition at preliminary hearing and on the subsequent occasions when counsel was provided. We would therefore conclude that as the district court found defendant qualified for appointed counsel at trial and on appeal, he was qualified for appointment of counsel at his preliminary examination. Thus the denial of such appointment was error. We must now consider the effect of that error.

■ The constitutional requirement of providing counsel at a preliminary hearing was the issue in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. In that case the United States Supreme Court held that failure to provide counsel at the preliminary hearing unconstitutionally denied the defendant's Sixth Amendment right to assistance of counsel and remanded for determination whether such denial was harmless or prejudicial error. In the view of a majority of the Court:

"Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case, that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

The inability of the indigent accused on his own to realize these advantages of a lawyer's assistance compels the conclusion that the Alabama preliminary hearing is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid [of counsel] * * * as the trial itself.' Pow-

**374**

ell v. Alabama, *supra*, 287 U.S. [45] at 57, 53 S.Ct. [55] at 60, 77 L.Ed. at 164, 84 A.L.R. 527.

There remains, then, the question of the relief to which petitioners are entitled. The trial transcript indicates that the prohibition against use by the State at trial of anything that occurred at the preliminary hearing was scrupulously observed. Cf. White v. Maryland, [373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193] *supra*. But on the record it cannot be said whether or not petitioners were otherwise prejudiced by the absence of counsel at the preliminary hearing. That inquiry in the first instance should more properly be made by the Alabama courts. The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error under Chapman v. California."

In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, the United States Supreme Court held:

"We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction."

In fashioning a harmless-constitutional-error rule the Court rejected the "overwhelming evidence" approach and emphasized "an intention not to treat as harmless those constitutional errors that 'affect substantial rights' of a party." As the Court observed, "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." The Court noted that "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." The rule was then set forth:

"[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

This is a difficult test to apply and it must be governed by the facts of each case. After a review of the record and briefs of counsel we find no reasonable indication of prejudice resulting from defendant's waiver of preliminary hearing without benefit of counsel. No showing has been made that the preliminary hearing or waiver thereof contributed to defendant's conviction. There is no claim that any testimony favorable to the defendant was lost because of a witness who was available for preliminary hearing and who did not appear at trial. Finding no prejudice resulting from absence of counsel at preliminary hearing and that it did not contribute to defendant's conviction, we hold that the failure to appoint counsel for preliminary hearing was not prejudicial error requiring reversal of the conviction under Chapman v. California test.

It was, nevertheless, error which should not go without notice as such an error would support reversal if any prejudice could be shown or if it fails the reasonable doubt standard. Although not requiring reversal in the instant case, we find that this error supports a modification of the sentence in the interests of substantial justice. Avants v. State, Okl.Cr., 432 P.2d 932 (1967). 22 O.S.1961, § 1066.

Defendant's other contention that the evidence was insufficient to sustain the conviction is without merit and requires no comment in view of the prior holdings of this Court. Yeager v. State, 82 Okl.Cr. 326, 169 P.2d 579. Darnell v. State, Okl. Cr., 369 P.2d 470.

Modified to three (3) years imprisonment, and otherwise affirmed.

BRETT, P. J., and BUSSEY, J., concur.