Larry PARROTT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15286.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Ted J. Pasley, Ardmore, court-appointed, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack S. Pratt, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Larry Parrott, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Carter County of the offense of Shooting with Intent to Kill; his punishment was fixed at five (5) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant was charged with Joe Michael Webb, by complaint, on April 12, 1968. The case came on for trial on November 21, 1968, which resulted in a mistrial. The case came on for trial the second time on April 9, 1969. The victim, Cecil Cox, identified the defendant and Joe Michael Webb as the persons who shot him. The defendant attempted to have Michael Webb, who had previously entered a plea of guilty, returned from the penitentiary to testify in his behalf. The trial court denied this request, but did allow Webb's testimony from the first trial read to the jury as evidence. Webb admitted firing the shot and stated that the defendant was not even present at the scene of the offense.

[1,2] The defendant presented seven propositions of error, two of which contain sufficient merit to be discussed in this opinion.[1] We hold that the trial court erred in overruling the defendant's motion for transcript of the preliminary hearing. In Waters v. State, Okl.Cr., 454 P.2d 325, we stated in the first two Syllabi:

"1. To interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws.

2. A statute requiring payment of certain fees for a transcript of a preliminary hearing in a criminal case, as applied to deny a free transcript to an indigent, violates the equal protection clause of the Federal Constitution."

We further uphold the defendant's proposition that the trial court erred in overruling defendant's motion for production of material witness. In the instant case the co-defendant, Joe Michael Webb, who had plead guilty and received a two-year sentence for the included offense of Assault with a Dangerous Weapon, testified in the first trial which resulted in a mistrial, that he, alone, was responsible for shooting Cox and the defendant was not with him when the shot was fired. This witness was in the custody of the state penitentiary officials and could have been made available for trial. In Melton v. State, Okl.Cr., 12 P.2d 251, this Court held in the second paragraph of the Syllabus:

"In theft prosecution, overruling defendant's application to bring in material and important witness held abuse of discretion."

For the above and foregoing reasons, this cause ordinarily would require reversal; however, in the instant case, the defendant has been incarcerated since April 12, 1968, and a reversal would require a third trial resulting in unnecessary expense to the State of Oklahoma. This Court is of the opinion that justice will be better served if the sentence herein is modified to time served, and as modified, otherwise, affirmed.

The court-appointed counsel, Ted J. Pasley, who represented the defendant in the trial court and upon appeal, is commended for his diligent and excellent representation of the accused, which reflects credit

---

1. Although not properly before this Court since no objection was interposed at the trial, we observe that the trial court instructed the jury as to "good time credits" which we have held when properly objected to, to be error which could require modification. See Williams v. State, Okl.Cr., 461 P.2d 997.

upon the bar and orderly administration of justice.

The Clerk of this Court is directed to issue the mandate, forthwith.

BRETT, P. J., and NIX, J., concur.