**Travis Lyle WILSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

Court of Criminal Appeals of Oklahoma.

June 11, 1985.

E. Alvin Schay, Asst. Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Travis Lyle Wilson, was tried for Burglary in the Second Degree After Former Conviction of Two or More Felonies in the District Court of Washington County, Case No. CRF–83–63. He was convicted by a District Court jury, which sentenced him to twenty (20) years imprisonment. We reverse.

Appellant alleges in two assignments of error that the District Court violated his right to equal protection of law when it failed to order production of a preliminary hearing transcript in this case. We are compelled to agree with the appellant's assertion.

This Court has held a violation of equal protection occurs when a preliminary hearing transcript is refused to an indigent because he or she cannot afford the same. *Waters v. State*, 454 P.2d 325 (Okl.Cr. 1969). *See also Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). An accused is entitled to a transcript of a preliminary hearing where: (1) defense counsel acted with due diligence to acquire the transcript; and (2) the transcript is necessary for cross-examination of witnesses at trial. *Bryant v. State*, 471 P.2d 948 (Okl.Cr.1970). Failure to provide a transcript when these requirements are met will result in reversal of a subsequent conviction. *Parrott v. State*, 479 P.2d 619 (Okl.Cr.1971).

In the case at bar, defense counsel filed a motion requesting the transcript just ten days after the preliminary hearing. Furthermore, the motion filed by defense counsel stated a sufficient basis upon which to grant the request. Counsel's motion for the transcript was timely; no alternatives to the transcript were available; and no reason for the trial court's decision to overrule the motion was given.

Accordingly, the judgment and sentence of the District Court is REVERSED, and the case is REMANDED for a new trial.

BRETT, J., concurs.

BUSSEY, J., specially concurring.

BUSSEY, Judge, specially concurring:

While I am not convinced that appellant's counsel exercised due diligence in making a timely request for a preliminary hearing

transcript, the trial judge should have acted on appellant's motion for order providing transcript hearing at State expense, and granted appellant a transcript of the preliminary hearing or authorized him to listen to a copy of the tape recording of the preliminary hearing testimony to aid appellant in preparation for cross-examination at trial. *Bryant v. State*, supra.