James Holland McMILLION, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-750.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1987.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

James Holland McMillion, Jr., appellant, was tried by jury and convicted of the Crime of Unlawful Possession of Phencyclidine, After Former Conviction of a Felony, in violation of 63 O.S. 1981, § 2-402, in Case No. CRF-84-72, in the District Court of Comanche County, the Honorable Kenneth Youngblood presiding. The jury set punishment at fifteen (15) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

The appellant raises five assignments of error. Because we reverse based upon the second assignment, it is not necessary to address the other four assignments of error.

The appellant asserts that his right to equal protection of the law under the four-

teenth amendment of the United States Constitution and Article II, Section 2, of the Oklahoma Constitution was violated when the trial court refused to provide him with a copy of the preliminary hearing transcript at public expense. We agree.

The appellant filed a pauper's affidavit and the trial court appointed counsel at public expense. The appellant sought a copy of his preliminary hearing transcript the day after the hearing. An order was entered by the court that a transcript be prepared at public expense.

The appellant's bail was originally set at $20,000. After the court reduced the bail requirements to $10,000, the appellant's family obtained a bail bond and the appellant was released from the Comanche County jail pending trial. The appellant's court appointed counsel then sought to withdraw because the appellant's family had posted bond. A hearing was held and the trial court found that the money for the bond was provided by the appellant's family, that the appellant was financially unable to retain counsel, and refused to allow court appointed counsel to withdraw. At the same time, however, the court revoked its previous order requiring the preparation of the preliminary hearing transcript at public expense and ordered that the appellant pay the costs of the transcript in the estimated amount of $80 to $90. Two days before trial, the appellant sought a rehearing on the order requiring him to pay for the preliminary hearing transcript. The court found the appellant had the money available to pay for a copy of the transcript "but chose to put it on his bail."

■ In a criminal trial, a State can no more discriminate on account of poverty than on account of religion, race, or color. *Griffin v. People of the State of Illinois*, 351 U.S. 12, 17, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). The ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and cannot be used to deprive a defendant in a criminal proceeding of a fair trial. There can be no equal justice when the kind of trial a defendant gets depends on his or her ability to pay. *Id.* at 17–19, 76 S.Ct. at 590–91.

When a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense, and justice cannot be equal where a defendant is denied the opportunity to present a meaningful defense simply because of his poverty. *Ake v. Oklahoma*, 470 U.S. 68, 76, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985). It is repugnant to the Constitution and a violation of equal protection to deny an indigent a free copy of the transcript of his preliminary hearing. *Roberts v. LaVallee*, 389 U.S. 40, 42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41 (1967).

This Court has repeatedly held that it is a violation of equal protection to deny indigents in a criminal proceeding access to a transcript of a preliminary hearing because of inability to pay. *Waters v. State*, 454 P.2d 325, 327 (Okl.Cr.1969); *Bryant v. State*, 471 P.2d 948, 949 (Okl.Cr.1970); *Parrott v. State*, 479 P.2d 619, 620 (Okl.Cr. 1971); *Wilson v. State*, 701 P.2d 1040, 1041 (Okl.Cr.1985).

■ The State asserts that because the appellant was represented by the same court appointed counsel at his preliminary hearing and at trial, it is harmless error to deny the appellant a free copy of the preliminary hearing transcript, citing *Newsted v. State*, 720 P.2d 734, 739 (Okl.Cr.1986), which relied on 20 O.S. 1981, § 3001.1. *Newsted* dealt with the failure of a Bill of Particulars to give sufficient notice, not with the denial of a preliminary hearing transcript, and is not on point. Title 20 O.S. 1981, § 3001.1 reads as follows:

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Because we have repeatedly found that denial of a free copy of a preliminary hearing transcript to an indigent is a substan-

tial violation of a constitutional right, Section 3001.1 does not apply in this case. Furthermore, in both *Roberts v. LaVallee, supra* and in *Waters, supra,* the appellant was represented by the same counsel at both the preliminary hearing and at trial, yet the convictions were overturned nonetheless. Therefore, the presence of the same counsel at both stages of the proceedings is not dispositive. And, as Judge Brett observed in *Waters,* the indigent's right to a transcript of the preliminary hearing at public expense is not based on any consideration of whether the transcript of the preliminary hearing is beneficial to the defense. *Id.* at 328.

█ The State also asserts that the trial court's failure to order a transcript at public expense was not reversible error because the appellant failed to petition this Court for a Writ of Mandamus, thereby failing to exhaust all of his remedies, relying on *Hawkins v. State,* 486 P.2d 743, 744 (Okl.Cr.1971). But in *Hawkins* the appellant received a copy of the preliminary hearing transcript, although it is not clear whether the appellant's counsel or other persons paid for the transcript. Such was not the case here. Furthermore, the requirement that the appellant seek a Writ of Mandamus in this Court prior to trial has not subsequently been followed. Nor do we follow that dicta in this case. Most recently, this Court has required that the indigent's counsel act with due diligence to acquire the transcript and that the transcript be necessary for cross-examination of witnesses at trial. *Wilson, supra* at 1041. Those conditions were met here. Failure to provide a transcript when these two requirements are met will result in reversal of a conviction. *Id.*

█ Finally, the trial court first ordered that the preliminary hearing transcript be prepared at public expense, but later revoked that order because the appellant had the money to pay for the transcript "but chose to put it on his bail." We have previously found that the fact that an appellant can make bail has no bearing on his status as an indigent or on his ability to retain competent counsel at the time he needs one. Nor must an indigent be absolutely destitute to qualify for court appointed counsel. *Taylor v. State,* 645 P.2d 525, 526 (Okl.Cr.1982). Furthermore, a defendant should not be forced to abandon a meritorious claim or legal right in order to spare himself and his family complete destitution. *McCraw v. State,* 476 P.2d 370, 372–73 (Okl.Cr.1970). In *McCraw,* this Court specifically recognized that "[i]t is understandable that an accused with limited financial resources might use them to pay for a bond to secure his freedom rather than paying a lawyer's fee." *Id.* at 373. Similarly, it is understandable that an indigent might use the funds available for bond to secure his freedom rather than spend his limited resources to pay for a preliminary hearing transcript. Forcing an indigent to choose between paying for bail or a transcript because he cannot afford to pay for both squarely puts his ability to pay costs in advance at issue. Here, the appellant chose to secure his freedom rather than languish in jail pending trial and was deprived of an opportunity to put on a meaningful defense because of his poverty. As a result, the appellant was denied equal protection of the law under both the fourteenth amendment of the United States Constitution and Article II, Section 2, of the Oklahoma Constitution. The appellant's conviction is, therefore, REVERSED and the case is REMANDED for a new trial. Upon a requisite showing of indigency, the trial court shall provide the appellant a copy of his preliminary hearing transcript at public expense at his new trial.

BRETT, P.J., concurs.

BUSSEY, J., dissents.