## ROBERTS *v.* LaVALLEE, WARDEN.

No. 193, Misc.   Decided October 23, 1967.

*Warren H. Greene, Jr.,* for petitioner.

*Leon B. Polsky* for the Legal Aid Society of New York, as *amicus curiae,* in support of the petition.

PER CURIAM.

Petitioner is an indigent.   He was charged with robbery, larceny, and assault in New York.   When his case

was called for trial, petitioner asked that the court furnish him, at state expense, with the minutes of a prior preliminary hearing, at which the major state witnesses had testified. A New York statute provided that a transcript of the hearing would be furnished "on payment of . . . fees at the rate of five cents for every hundred words." N. Y. Code Crim. Proc. § 206. The trial court denied the request for a free transcript.

Petitioner was convicted of the crimes charged and sentenced to a term of 15–20 years in prison. His conviction was affirmed by the Appellate Division of the New York Supreme Court. The New York Court of Appeals denied leave to appeal. We denied a petition for certiorari. The issue under the Federal Constitution of the denial of the preliminary hearing transcript was raised by petitioner at each stage of these proceedings.

Petitioner next applied for habeas corpus in the Northern District of New York. His petition was denied, the court believing that petitioner had no federal constitutional right to a free transcript of his preliminary hearing. Thereafter, the New York Court of Appeals decided *People* v. *Montgomery,* 18 N. Y. 2d 993, 224 N. E. 2d 730 (1966). That case holds that the statutory requirement of payment for a preliminary hearing transcript, as applied to an indigent, is a denial of equal protection and unconstitutional, under both the Federal and State Constitutions.

On petitioner's appeal from the District Court, the Court of Appeals for the Second Circuit determined that petitioner should apply to the state courts for relief under the doctrine of *Montgomery.* The court acknowledged that petitioner had already exhausted his state remedies. But it thought the "constitutional necessity for federal court intervention" was "open to doubt" and that "the question ought to be decided in favor of permitting a state court determination in the first instance."

Accordingly, it dismissed the petition for habeas corpus without prejudice to renewal of the questions presented by petitioner after further proceedings in the courts of New York.

Petitioner sought certiorari. We grant the writ, and we vacate the judgment below.

Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution. See, e. g., *Draper* v. *Washington,* 372 U. S. 487 (1963); *Griffin* v. *Illinois,* 351 U. S. 12 (1956). Only last Term, in *Long* v. *District Court of Iowa,* 385 U. S. 192 (1966), we reiterated the statement first made in *Smith* v. *Bennett,* 365 U. S. 708, 709 (1961), that "to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." We have no doubt that the New York statute struck down by the New York Court of Appeals in *Montgomery,* as applied to deny a free transcript to an indigent, could not meet the test of our prior decisions.

Nor do we believe there can be any doubt that petitioner adequately made known his desire to obtain the minutes of his preliminary hearing. We agree with Judge Medina, dissenting in the Court of Appeals, that the demand was "clear and unequivocal."

In *Brown* v. *Allen,* 344 U. S. 443 (1953), we considered the statutory requirement, under 28 U. S. C. § 2254, that a petitioner exhaust his state remedies before applying for federal habeas corpus relief. We concluded that Congress had not intended "to require repetitious applications to state courts." 344 U. S., at 449, n. 3. We declined to rule that the mere possibility of a successful application to the state courts was sufficient to bar federal

relief. Such a rule would severely limit the scope of the federal habeas corpus statute.

The observations made in the *Brown* case apply here. Petitioner has already thoroughly exhausted his state remedies, as the Court of Appeals recognized. Still more state litigation would be both unnecessarily time-consuming and otherwise burdensome. This is not a case in which there is any substantial state interest in ruling once again on petitioner's case. We can conceive of no reason why the State would wish to burden its judicial calendar with a narrow issue the resolution of which is predetermined by established federal principles.

The motion for leave to proceed *in forma pauperis* and the writ of certiorari are granted, the judgment is vacated, and the case is remanded to the Court of Appeals for proceedings consistent with this opinion.

MR. JUSTICE HARLAN, dissenting.

As the Court states, petitioner was told that if he wished a transcript of his preliminary hearing he would have to pay for it. The Court fails to add, however, that petitioner and his counsel were both present at the preliminary hearing, that they were furnished a free transcript of the grand jury testimony of the state witness in question but made no use of this transcript at trial, and that at no time has petitioner suggested any use to which the preliminary hearing transcript could have been put, although he is in a position to know what it contains.

The decisions cited in the majority opinion fall far short of declaring that any document related to the criminal process, no matter how demonstrably trivial its significance, must be supplied free to indigents simply because the State is willing to make it available to others able to pay for it. Rather than formulate such an undiscriminating rule, a rule that predictably may lead to a narrowing of the availability of documents that a State

is not constitutionally required to furnish to any criminal defendant, I would at least undertake to examine the importance of the particular document in question.

This examination is not necessary in the present case, however, for, as the Court's opinion recognizes, there exists an adequate basis under state law for affording petitioner the relief that he seeks here. Believing, as did the Court of Appeals, that federal courts should not unnecessarily interfere with the administration of justice in state courts, particularly when this involves reaching federal constitutional questions unnecessarily, see *Harrison* v. *NAACP,* 360 U. S. 167, I would affirm the decision below.

In addition, in the circumstances depicted by this record, I consider the Court's disposition of this case improvident even under the postulates of its opinion. I understand the Court to require the issuance of a writ of habeas corpus, and hence the setting aside of the state conviction, without any further investigation of whether the constitutional error now found to have been committed by the state courts actually prejudiced this defendant. Since there appears every likelihood that further examination would reveal that the denial of a preliminary hearing transcript to this petitioner was "harmless beyond a reasonable doubt," *Chapman* v. *California,* 386 U. S. 18, at 24, the case should have been sent back to the Court of Appeals with instruction to remand to the District Court for a hearing to determine the possibility of prejudice. Cf. *Roberts* v. *United States, ante,* p. 18. Due respect for state criminal processes requires at least this much.