**UNITED STATES of America ex rel. Richard F. SNIFFEN, Petitioner,**

v.

**Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.**

**Misc. Record No. 1638.**

United States Court of Appeals Second Circuit.

Submitted April 8, 1968.

Decided April 29, 1968.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

PER CURIAM.

Richard F. Sniffen petitions this Court *pro se* for a certificate of probable cause and other relief, following the denial of his application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, because he failed to exhaust available state remedies.

On September 30, 1958, Sniffen was convicted upon his plea of guilty to burglary in the first degree and assault in the first degree in Westchester County Court. No appeal was taken from the judgment of conviction, but subsequently an application was made in a state court for a writ of *coram nobis* on the ground that his plea of guilty was induced by the District Attorney's promise of a lesser sentence, see Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E.D.N.Y. 1967), and because his right against self-incrimination was violated when the trial judge subjected him to questioning at sentencing. The writ was denied, as was leave to appeal to the Court of Appeals. Sniffen then instituted the instant proceedings raising the same two contentions that had been ruled upon by the state tribunals and as to which state remedies have concededly been exhausted. The District Court, nevertheless, denied relief because Sniffen is currently challenging his conviction in a second *coram nobis* proceeding based upon an entirely separate and distinct claim—an alleged violation of his right to allocution.[1] Since it is clear that the District Court should have considered the merits of petitioner's claim, we reverse and direct the Judge to hold an appropriate hearing on the merits.

The rationale of Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) (*per curiam*), signals the end of the automatic and uncritical application of the doctrine that pending applications for state relief bar federal court consideration of claims that are otherwise properly before a federal court. The Supreme Court ruled that a federal court cannot decline to entertain an application for habeas corpus raising a federal claim rejected by the state courts, even in a case where intervening state decisions have made it clear that relief is now available. The instant case is *a fortiori* for it is far from certain that Sniffen will be vindicated in a state court on the only claim currently pending in state court. Moreover, it is clear that on the claims before us a further state proceeding would be unavailing. If a federal court cannot withhold decision where relief is clearly available in a state court, it would seem manifest that it cannot decline jurisdiction where, as here, state remedies have been exhausted on a claim based upon federal law and the only pending state proceeding is completely unrelated to the issue before the federal court.[2]

Thus, on the particular facts of this case we must—as the Supreme Court did in *Roberts*—"decline to rule that the mere possibility of a successful application to the state courts [is] sufficient to bar federal relief. Such a rule would severely limit the scope of the federal habeas corpus statute." Roberts v. LaVallee, supra, 389 U.S. at 42–43, 88 S.Ct. at 196 (interpreting Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953)).

Reversed and remanded for further proceedings consistent with this opinion.

---

1. Denial of the right to allocution does not warrant federal relief by the writ of habeas corpus. Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

2. There is, therefore, no relationship between the claims pending in federal and state court such as has led this Court in the past to stay consideration of the application for federal relief. See, e. g., United States ex rel. DeFlumer v. Mancusi, 380 F.2d 1018 (2d Cir. 1967) (*per curiam*); United States ex rel. McBride v. Fay, 370 F.2d 547 (2d Cir. 1966) (*per curiam*). United States ex rel. Hicks v. Fay, 230 F.Supp. 942 (S.D.N.Y.1964), cited by the District Court, is not in point because in *Hicks* the very claim before the federal court was the subject of a simultaneous state court action.