**Lester J. POPE, Superintendent of California Medical Facility at Vacaville, Appellant,**

v.

**Theodore Monroe HARPER, Appellee.**

No. 22590.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1969.

Thomas C. Lynch, Atty. Gen., Arnold O. Overoye, Deputy Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Sacramento, Cal., for appellant.

Rexford D. Eagan, Sherman Oaks, Cal., for appellee.

Before CHAMBERS, MERRILL and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Harper is a California State prisoner and Pope is superintendent of the penal institution in which Harper is confined. The State appeals from an order of the District Court granting Harper's petition for a writ of habeas corpus and ordering Harper's release from custody unless the State affords him a new trial within ninety days following the effective date of the order. Execution of the order was stayed pending appeal.

In 1963 a jury found Harper guilty of rape, oral copulation by force, kidnapping, aggravated assault, and escape. He appealed his judgment of conviction to the District Court of Appeal. That court initially reversed the conviction on the authority of Griffin v. California (1965) 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, because the prosecutor had commented on Harper's failure to testify. On rehearing the District Court of Appeal reversed itself and confirmed the conviction on the ground that the error was harmless. Harper's petition for hearing in the California Supreme Court was denied in January 1966.

Harper then filed his petition for a writ of habeas corpus in the District Court. Relying on Blair v. California (9th Cir. 1965) 340 F.2d 741, the court ordered him to file in the District Court of Appeal a motion to recall the remittitur pursuant to Rule 25 of the California Rules on Appeal in order to give the California court the opportunity to reconsider the case in the light of Chapman v.

California (1967) 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Harper filed the motion as directed and it was denied without opinion. Thereafter, the District Court granted the petition for habeas corpus and this appeal followed.

The State contends that relief upon federal habeas corpus was foreclosed because Harper deliberately bypassed his State court remedies by failing to file a petition for hearing in the California Supreme Court following the denial of his motion to recall the remittitur and that the District Court erred in finding that the *Griffin* error was not harmless beyond a reasonable doubt. We reject both contentions.

■■■■ The petitioner should not have been ordered to file a motion to recall the remittitur. Whatever support for the order derived from *Blair* was destroyed by the Supreme Court's decision in Roberts v. LaVallee (1967) 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41. In *Roberts* the Court held that a remand to the state court is improper in a federal habeas corpus case which turns on resolution of a narrow issue controlled by established federal principles. The petitioner cannot be charged with bypassing a state remedy the commencement of which he should not have been ordered to pursue.

■■■ The District Court did not err in deciding that the *Griffin* error was not harmless beyond a reasonable doubt. "[C]omment on a defendant's failure to testify cannot be labeled harmless error in a case where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis for conviction, and where there is evidence that could have supported acquittal." (Anderson v. Nelson, supra, 390 U.S. at 523–524, 88 S.Ct. 1133, 1134, 20 L.Ed.2d 81.) The prosecution introduced persuasive evidence that Harper did the acts with which he was charged. Harper's defenses were lack of consciousness and legal insanity. Defense psychiatrists testified that Harper was suffering from psychomotor epilepsy and acute schizophrenia, conditions which were aggravated by Harper's drinking. Lay witnesses were also produced who testified to Harper's conduct suggesting epileptic episodes. The testimony of defense psychiatrists was contradicted by that of expert witnesses for the prosecution. In his argument to the jury the prosecuting attorney commented repeatedly and extensively on Harper's failure to take the stand and, in the course of that commentary, specifically used Harper's failure to testify to destroy Harper's defense.[1]

1. The following samples from the prosecutor's argument are illustrative:

"Now, the question of whether the defendant was conscious or not at the time he performed this forcible rape, this forcible sex perversion, this kidnaping, this assault by means of force likely to produce great bodily injury, and his escape from the lawful custody of the officer after he had been charged with a felony —ladies and gentlemen, who is in a better position to know whether the defendant was or was not conscious, that is whether he does remember, or doesn't remember, than the defendant himself?

"But has he taken the stand to say, 'I can remember up until 10:00 o'clock the morning of August 18, and the next thing I know, that I can remember, I found myself in the County Jail'?

"No, he has not.

"Why has he not taken the stand to claim lack of memory of that period of time? That is the most direct evidence which he could produce on whether or not he was or was not conscious, and he has not chosen to avail himself of presenting that from the witness stand and subjecting himself to cross-examination on it.

"Instead of that, ladies and gentlemen, the defendant has presented to you what can best be described as a smoke screen, a lot of red herrings, let's kick up a lot of dust. He has indirectly attempted to show that he was unconscious on August 18 and 19 of last year, by attempting to show that on prior occasions he was unconscious, ergo, he must have been unconscious this time.

" * * *

"When you boil it all down, ladies and gentlemen, this thing about psychomotor epilepsy is strictly on the defendant's words. And did he have an interest in creating such a defense for himself? Certainly he did.

" * * *

The order is modified by substituting 120 days for the 90 days specified in the order within which the State may afford Harper a new trial and, as modified, the order is affirmed.

"So on the question of whether the defendant was conscious or not, all his actions indicate consciousness.

"Did the defendant take the stand and say, 'No, I was unconscious'?

"No. He has not denied the testimony of the prosection witnesses which indicate his consciousness. He is presumed to be conscious, and there is no evidence which raises any reasonable doubt as to lack of consciousness."