**James William LINDSEY, Petitioner-Appellee,**

v.

**Walter E. CRAVEN, Respondent-Appellant.**

**No. 24080.**

United States Court of Appeals, Ninth Circuit.

May 25, 1970.

Rehearing Denied June 22, 1970.

Jack C. Weber (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Cal., William E. James, Asst. Atty. Gen., Los Angeles, Cal., for appellant.

Robert G. Lane (argued), of Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

Respondent appeals from an order of the district court granting an application for habeas corpus and ordering petitioner released unless the State of California afforded him a new trial within 30 days. The district court concluded that the procedures used in determining the voluntariness of petitioner's confession did not meet the requirements imposed

**154**

by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Respondent concedes, that Jackson must be given retroactive effect, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), but contends that petitioner has not exhausted his state remedies. 28 U.S.C. § 2254 (c). We agree.

Petitioner challenged the voluntariness of his confession in an appeal from his conviction. People v. Lindsey, 188 Cal. App.2d 471, 10 Cal.Rptr. 488 (1961). Similarly, he contended in a subsequent habeas corpus petition to the California Supreme Court that his confession was "obtained under conditions amounting to psychological coercion and duress." In neither proceeding, however, did he assert, even implicitly, that the trial court's procedures violated Jackson v. Denno, *supra*. This procedural issue, presented for the first time in the court below, "was not the substantial equivalent" of the substantive issue of voluntariness raised in the prior state court proceedings. Thomaston v. Gladden, 369 F.2d 693, 694 (9th Cir. 1966). *See also* Rose v. Dickson, 327 F.2d 27, 29 (9th Cir. 1964).

Petitioner relies upon Pope v. Harper, 407 F.2d 1303 (9th Cir. 1969), but the petitioner in that case had submitted his claimed violation of constitutional right to the state courts. We held only that it was unnecessary to secure a determination from the state courts as to whether the constitutional error was harmless under the standard established in the intervening decision in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We relied upon Roberts v. La Vallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1968), which held that where a petitioner has presented his constitutional issues to the state courts before seeking federal habeas corpus, he will not be required to return to the state courts to seek relief under an intervening state court decision.

Reversed and remanded.