Leonard HAWKINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15760.

Court of Criminal Appeals of Oklahoma.

June 17, 1971.

W. O. Green III, Stephen Jones, Enid, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Leonard Hawkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County for the offense of Lewd Molestation; his punishment was fixed at a term of two to six years imprisonment, and from said judgment and sentence an appeal has been perfected to this Court.

The Petition in Error alleges several propositions of error, none of which possess sufficient merit to warrant discussion in this opinion except his contention that the trial court committed reversible error in refusing to grant a transcript of the preliminary examination in order that he might properly prepare his defense for trial.

It is well settled that a statute requiring the payment of certain fees for a transcript of a preliminary hearing in a criminal case, as applied to deny a free transcript to an indigent, violates the equal protection clause of the Federal Constitution. See Waters v. State, Okl.Cr., 454 P.

2d 325 and Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41.

While it is true in the instant case that the trial court denied the defendant a transcript of the testimony taken at the preliminary examination, we observe that no action was brought in this Court by defendant or counsel, seeking a Writ of Mandamus directing the preparation of the preliminary transcript at public expense prior to his trial in the District Court. We further observe that defendant was provided a transcript of the preliminary examination prior to his trial, although it is disputed whether the transcript was paid for by trial counsel (as he asserts), or by other persons (as asserted by the Attorney General in an Affidavit filed with the State's petition for Rehearing). We deem it immaterial whether defense counsel paid for the record or it was paid for by other persons such as his relatives.

The purpose of the rule enunciated in Waters v. State and Roberts v. La-Vallee, supra, was to accord to an indigent the same right to a transcript of the testimony taken at preliminary examination as that accorded to persons able to pay for such transcript, in order that they might properly prepare for trial. When the defendant was provided with a transcript in the instant case, a sufficient length of time prior to trial in order to prepare his defense, the object of the rule was fulfilled. Should counsel for defendant in any future case make a timely request for the transcript of the preliminary examination at public expense in order to prepare for trial, and be denied the same by the trial judge, he should forthwith seek a Writ of Mandamus in this Court prior to trial, directing the preparation of the same.

It appearing that the trial court had jurisdiction of the person, subject matter, and authority under law to pronounce the judgment and sentence imposed, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed: