Raymond Harold JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16005.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1971.

Andrew T. Dalton, Jr., Appellate Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Oklahoma City, Okl., Legal Intern., S. M. Fallis, Jr., Dist. Atty., Judicial District No. 14, for defendant in error.

BUSSEY, Presiding Judge:

Raymond Harold Jones, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma, of the offense for Driving While Intoxicated, Second Offense. His punishment was fixed at two years imprisonment, and a fine of $10.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Hudson testified that he observed defendant driving a 1964 Pontiac on a city street in Tulsa, Oklahoma. He testified that the defendant was traveling approximately 10 miles per hour, causing cars to back up behind him. He observed the defendant's car weaving from lane to lane, taking up the entire two west-bound lanes, and on occasion, he crossed over into the east-bound lane. The officer stopped defendant's automobile and asked defendant to step from the vehicle. Defendant tripped as he was getting out of the vehicle and the officer observed that he was staggering very badly. Defendant's eyes were bleary, his speech was thick-tongued, his clothes were slightly disarranged, and he smelled strongly of intoxicants. The officer testified that, in his opinion, the defendant was under the influence of intoxicating liquor.

The defendant testified that prior to being stopped by the officer, he had swallowed snuff, which caused him to become ill. He admitted weaving from lane-to-lane, explaining that he was sick. Defendant also admitted staggering, which was also a result of his sickness. Defendant denied that he was drunk, and denied that there was an odor of alcohol on his breath. Defendant admitted to prior convictions for car theft and drunken driving.

■ The first proposition asserts that the defendant was denied equal protection of the laws as a result of having been denied a Transcript of his Preliminary Hearing. The Record does not reveal any request for a Transcript until after the jury retired, wherein the following took place:

"MR. RAPP: At this time, I would like in the record the fact that the defendant has requested a transcript of his preliminary hearing to assist him in the conduct of this trial and such transcript was refused by the appropriate District Judge.

"THE COURT: I think it's on account of being a case of this kind." (Tr. 49)

The Record reveals that on February 27, 1970, a Motion to Quash, and a Motion to Suppress was filed, and on March 2, 1970, a Demurrer was filed. None of these instruments requested that a Transcript be prepared. In the recent case of Hawkins v. State, Okl.Cr., 486 P.2d 743, we stated:

"It is well settled that a statute requiring the payment of certain fees for a transcript of a preliminary hearing in a criminal case, as applied to deny a free transcript to an indigent, violates the equal protection clause of the Federal Constitution. See Waters v. State, Okl. Cr., 454 P.2d 325 and Roberts v. La-Vallee, 389 U.S. 40, 88 S.Ct. 194, 19 L. Ed.2d 41,"

"* * *

"The purpose of the rule enunciated in Waters v. State and Roberts v. LaVallee,

supra, was to accord an indigent the same right to a transcript of the testimony taken at preliminary examination as that accorded to persons able to pay for such transcript, *in order that they might properly prepare for trial.* When the defendant was provided with a transcript in the instant case, a sufficient length of time prior to trial in order to prepare his defense, the object of the rule was fulfilled. Should counsel for defendant in any future case make a *timely* request for the transcript of the preliminary examination at public expense in order to prepare for trial, and be denied the same by the trial judge, he should forthwith seek a Writ of Mandamus in this Court prior to trial, directing the preparation of the same." (Emphasis added.)

We are of the opinion that the Record does not support the contention that the defendant timely requested the Transcript. A defendant seeking a Transcript of Preliminary Hearing at public expense should timely file a written request for such, together with an Affidavit of Poverty. In the instant case, it would have been fruitless for the trial court to furnish defendant the copy of the Transcript of Preliminary Hearing after the trial was completed.

The final proposition contains several allegations of error, only one of which we deem to be of sufficient merit to be discussed in this Opinion.

■ The arresting officer testified on direct examination that he advised the defendant of his constitutional rights and his right to take a blood test, or a breathalyzer test, and that the defendant refused to take the tests, to which counsel for defendant offered no objection. In the recent case of Simmons v. State, Okl.Cr., 485 P.2d 489, we state:

"We have previously held that permitting evidence in chief, over objection, that defendant had refused to take sobriety test is prejudicial error and is reversible on review. Jackson v. State, Okl.Cr., 397 P.2d 920 (1964). The defendant did not object to the testimony and thus does not require reversal."

We thus conclude that justice would best be served by modifying the judgment and sentence imposed to a term of one year of imprisonment, and a fine of $10.00, and as so modified, the judgment and sentence is affirmed.

BRETT and NIX, JJ., concur.