No. 26230

Alexander M. Hunter, District Attorney, Twentieth Judicial District, Boulder, Colorado v. District Court in and for the Twentieth Judicial District, State of Colorado, and Honorable William D. Neighbors, District Judge in and for the Twentieth Judicial District, State of Colorado

(519 P.2d 941)

Decided March 4, 1974.                    Rehearing denied March 25, 1974.

Alexander M. Hunter, District Attorney, Dan C. Hale, Deputy, for petitioner.

Alperstein, Plaut and Barnes, P.C., for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Defendant was charged in the Boulder County Court with four counts, the first three being theft and the fourth conspiracy to commit theft. At a preliminary hearing the court ruled that there was probable cause as to the second theft count and the conspiracy count. As to counts one and three the court ruled that there was probable cause as to the lesser included offenses of *attempted theft.* The defendant was then bound over on two counts of attempted theft, as well as on counts two and four.

An information was subsequently filed in the respondent district court charging the defendant with one count of theft, one count of conspiracy to commit theft, and two counts of attempted theft. The defendant corporation filed a motion for a preliminary hearing in the respondent court upon the grounds (1) that it had not been afforded a preliminary hearing on the attempted theft charges and (2) that a reporter's transcript of a portion of the preliminary hearing before the county court could not be made available. The respondent judge granted defendant's motion for a preliminary hearing on the two counts of attempted theft. The motion was granted on the basis that the county court had no authority to bind over the defendant on *attempted theft* when the complaint charged *theft.*

Petitioner, the Boulder County District Attorney, brought this original proceeding requesting that respondent district court be prohibited from holding a preliminary hearing on

the two attempted theft counts. Petitioner claims that the county court has already held a preliminary hearing on these counts. This Court issued a rule to show cause why petitioner's requested relief should not be granted and stayed further proceedings.

The district court ruled that binding a defendant over on a non-charged lesser included offense was contrary to Crim. P. 5(c)(3) which in pertinent part provides:

"If, from the evidence, it appears to the county judge that there is not probable cause to believe that *the offense charged* has been committed by the defendant, the county judge shall dismiss the complaint and discharge the defendant. If the county judge determines such probable cause does exist, he shall order the defendant bound over to the appropriate court of record for trial." (Emphasis added).

The predecessor to the present rule, Colo. R. Crim. P. 5(d), provided:

"If from the evidence it appears to the justice of the peace that there is probable cause to believe that *an offense* has been committed by the defendant, the justice of the peace shall forthwith hold him to answer in the appropriate court; otherwise the justice of the peace shall discharge him." (Emphasis added).

Focusing upon the change in language from "an offense" to "the offense charged," the district court interpreted the present rule as not giving the county court authority to bind the defendant over on the lesser included offense. In other words, the district court was applying a narrow, literal interpretation to "the offense charged."

[III] It appears that the purpose of the amendment was to prevent a preliminary hearing judge from binding a defendant over on a different, non-charged offense, and not to eliminate binding over on a lesser included offense. Crim. P. 31(c) and all prior Colorado case law provide that one may be convicted of a lesser included offense of the crime charged. In light of this principle we hold that "the offense charged" within Crim. P. 5(c)(3) encompasses any lesser included offense of the one charged. Thus the county court com-

mitted no error in binding over the defendant on the lesser included offense of attempted theft.

The defendant also claims that since about one-third of the preliminary hearing transcript could not be made available to him, he is entitled to another preliminary hearing. This factor was not mentioned by the district attorney in his application under which we issued the rule to show cause. In granting defendant's motion for a preliminary hearing, the respondent judge made the following statement:

"The motion of the defendant for a preliminary hearing on other felony counts of the information on the ground that the reporter is unable to provide a transcript is DENIED at this time. Rule 5(c)(3) grants to a defendant the right to a transcript of the testimony given at the preliminary hearing. However, the People stipulated that the testimony of Dr. Greenlee would not be offered at trial. Therefore, the fact that his testimony cannot be transcribed will not prejudice the defendant. In addition, it is hoped that the preliminary hearing on counts 1 and 3 which the Court has granted will nullify any prejudice to the defendant.

"It must be noted, however, that the defendant has a right to the transcript of the preliminary hearing not only under the Colorado Rules of Criminal Procedure but also as a matter of constitutional right. *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). Timely objection to a denial of this right requires reversal of a conviction if the defendant is prejudiced by the denial. *Gardner v. United States*, 407 F.2d 1266 (D.C. Cir. 1969). If the preliminary hearing which will be held does not abrogate the prejudice to the defendant caused by the lack of a transcript, the Court will reconsider the defendant's motion for a further preliminary hearing."

The respondent court is at liberty to consider whether the unavailability of a complete preliminary hearing transcript justifies the granting of another preliminary hearing.

The rule to show cause is made absolute.

MR. JUSTICE HODGES and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE KELLEY did not participate.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The plain reading of Crim. P. 5(c)(3) forced the county judge to either bind the defendant over on "the offense charged" or to dismiss the complaint. *Accord, Application of Williams,* 85 Ariz. 109, 333 P.2d 280 (1959); *State v. Pansey,* 61 Nev. 333, 128 P.2d 464 (1942); *People v. Swain,* 5 Cal. App. 421, 90 Pac. 720 (1907). In the event the complaint was dismissed, the district attorney, under the rule, has the authority to file a direct information in the district court pursuant to the provisions of Crim. P. 7(b)(3)(ii). In the event the district attorney elected to file a direct information in the district court, the defendant would have been entitled to a new preliminary hearing. Crim. P. 7(g)(1). In my view, the Rules of Criminal Procedure are to be construed *in para materia* and should not be modified by judicial interpretation.

Accordingly, I would discharge the rule to show cause and affirm the action taken by the district court.

MR. JUSTICE HODGES has authorized me to say that he joins me in this dissent.