**Richard MAYBERRY**

v.

**Thomas G. FRAME, Warden, Chester County Farms Prison.**

**Civ. A. No. 74-820 CA.**

United States District Court,
W. D. Pennsylvania.

Oct. 10, 1974.

Richard O. J. Mayberry, pro se.

Robert W. Duggan, Dist. Atty., Ally County, Pittsburgh, Pa., Israel Packel, Atty. Gen. of Pa., for respondent.

## OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS

KNOX, District Judge.

Following a criminal trial in which petitioner Mayberry, Dominick Codispoti and Herbert Langnes were found guilty by a jury, the trial judge pronounced the defendants guilty of criminal contempt for their conduct during the trial. The petitioner Richard O. J. Mayberry, pronounced guilty of eleven separate contempts, was sentenced to eleven consecutive terms of one to two years. Ultimately, the United States Supreme Court reversed the contempt convictions, directing trial before another judge "not bearing the sting of these slanderous remarks and having the impersonal authority of law". Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).

As a result of the Supreme Court decision, the contempt charges were retried in separate proceedings before another judge. The court found petitioner guilty of ten separate contempts and sentenced him to nine terms of six months and one term of three months, the sentences to run consecutively. The Pennsylvania Supreme Court affirmed without opinion, one justice dissenting on the ground that the defendants were entitled to a jury trial. Commonwealth v. Mayberry, 453 Pa. 619, 306 A.2d 294 (1973).

Mayberry's co-defendants, Codispoti and Langnes, pursued their appeal with a second petition for a writ of certiorari to the United States Supreme Court. The court reversed once again, holding that since the retrial occurred after the decisions of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), the defendants were entitled to a jury trial because the aggregate of the consecutive sentences imposed extended the prison term beyond six months. Codispoti v. State of Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). As a result of this decision, Codispoti and Langnes have subsequently received jury trials.

Mayberry, who did not join in the second appeal to the United States Supreme Court, has brought this habeas corpus action grounded on his right to a jury trial.[1]

The Commonwealth admits that Mayberry made a timely demand for a jury trial, and prior to the Supreme Court decision in Codispoti, supra, had exhausted his available state remedies. Nevertheless, the Commonwealth opposes the granting of the writ on the basis that relief is available to petitioner under the Pennsylvania Post Conviction Hearing Act, 19 Purdon's Pa.S. § 1180–1 et seq., and that the requirement of exhaustion

---

1. It is noted that the defendant, Thomas G. Frame, Warden, Chester County Farms Prison, has failed to file a return to the writ within 3 days as required by the Act of Congress, 28 U.S.C. § 2243 and the order of this court dated September 11, 1974.

Since the facts of this case are clear from the answer filed by the District Attorney of Allegheny County, we deem it unnecessary at this time to determine what action should be taken in such situation to enforce obedience to the Act of Congress and the orders of this court.

of state remedies found in 28 U.S.C. § 2254(b) and considerations of comity require us to abstain from granting relief.

Under 19 Purdon's Pa.S. § 1180–3(c)(12), a person is eligible for post-conviction relief where there is an "abridgement . . . of any right guaranteed by the constitution or laws . . . of the United States, including a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right." The Pennsylvania Supreme Court has recognized the availability of Post-Conviction Hearing Act relief under somewhat similar circumstances. See Commonwealth v. Smith, 449 Pa. 309, 297 A.2d 810 (1972) where there had been a change in state law as the result of a later state supreme court decision. The Commonwealth therefore argues that under U. S. ex rel. Dalton v. Myers, 342 F.2d 202 (3d cir. 1965), federal intervention is improper.

The court is of the opinion that the present case is controlled by Roberts v. La Vallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), determined after the Third Circuit decision in Dalton, supra. In Roberts, the petitioner challenged the constitutionality of a New York statute requiring payment for a transcript of a preliminary hearing. Having once exhausted his state remedies, petitioner applied for federal habeas corpus relief, which the District Court denied. Thereafter, the New York Court of Appeals ruled in another case that the statutory requirement of payment for the transcript violated both the New York and United States Constitutions. On appeal from the federal district court, the Court of Appeals for the Second Circuit ruled that petitioner should apply for relief, once again, in the New York courts. The United States Supreme Court reversed, stating:

> "Petitioner has already thoroughly exhausted his state remedies, as the Court of Appeals recognized. Still more state litigation would be both unnecessarily time-consuming and otherwise burdensome. This is not a

case in which there is any substantial state interest in ruling once again on petitioner's case. We can conceive of no reason why the State would wish to burden its judicial calendar with a narrow issue the resolution of which is predetermined by established federal principles." 389 U.S. at 43, 88 S. Ct. at 196, 19 L.Ed.2d at 44.

 Similarly, we see nothing to be gained by requiring petitioner to resort once again to state procedures. We have every reason to believe that the Commonwealth would afford petitioner a new trial under the Codispoti v. Pennsylvania decision. Rarely would a court's path be guided more clearly than here, where the precedent is established by the United States Supreme Court in ruling on co-defendants' appeals. Were this court to deny the relief requested, however, we would simply be performing an exercise in delay, causing petitioner a needless run-around. Mayberry's right to a jury trial is clear, and we will require that he be given one.