**Ross Prettyman WEBSTER,
Petitioner-Appellant,**

v.

**Richard FREY, Respondent-Appellee.**

**No. 80–3389.**

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1981.

Decided Nov. 25, 1981.

Thomas E. Clay, Louisville, Ky., for peti-
tioner-appellant.

Stephen Beshear, Atty. Gen., Patrick B.
Kimberlin, III, Asst. Atty. Gen. of Ken-
tucky, Frankfort, Ky., for respondent-ap-
pellee.

Before EDWARDS, Chief Judge, LIVE-
LY, Circuit Judge, and PHILLIPS, Senior
Circuit Judge.

LIVELY, Circuit Judge.

In *Gully v. Kunzman*, 592 F.2d 283 (6th
Cir.), *cert. denied*, 442 U.S. 924, 99 S.Ct.
2850, 61 L.Ed.2d 292 (1979), this court held
that double jeopardy claims involve such
extraordinary circumstances as to justify
federal courts in entertaining habeas corpus
applications in advance of retrial in a state
court following reversal of a criminal con-
viction.  In the present case the petitioner's
state court conviction was reversed for pro-
cedural errors.  He sought a federal habeas
corpus order to prevent his retrial in the
state court on the ground that the evidence
at his first state trial was insufficient to
support his conviction and that retrial
would violate the constitutional prohibition
against double jeopardy.  The district court
found that petitioner had not exhausted his
state remedies and denied relief.  We af-
firm.

The trial error for which Webster's state
court conviction was reversed was totally
unrelated to evidentiary questions.  It con-
cerned the manner in which the jury had
been empaneled.  However, one of the er-
rors claimed by Webster in his appeal was
that the evidence was insufficient to sustain
the jury's verdict.  In reversing for proce-
dural error the Supreme Court of Kentucky
wrote, "The remaining five issues will not
be considered by this Court on this appeal,
as it is contemplated these alleged errors
will not occur in further proceedings con-
cerning this matter." (Unreported per cu-
riam opinion, App. 13).  Webster took no
further steps in any Kentucky court to pre-
vent his retrial on double jeopardy grounds.
In fact he agreed to an order assigning the
case for retrial.  App. 16.  On the same day

the order was entered assigning his case for retrial, Webster filed his application for habeas corpus in the district court.

It is clear that Webster did not exhaust his state remedies and that the district court correctly dismissed his application for a writ of habeas corpus. The mere raising of the issue of sufficiency of the evidence in his appeal to the state appellate court was not enough. The requirement of exhaustion is not so easily satisfied. Webster presented no Kentucky court with his claim that retrial would constitute double jeopardy. The constitutional claim presented to the Supreme Court of Kentucky was based on the due process right not to be convicted on evidence which failed to establish every element of the offense charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This claim of error was not presented in a double jeopardy setting. When the Supreme Court of Kentucky decided the appeal without reaching the sufficiency argument, the petitioner did not seek rehearing on the ground that the court should have decided the question because a retrial would expose him to double jeopardy if in fact the evidence of the first trial was insufficient. In *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), the Supreme Court emphasized the necessity of presenting the same claim to the state court that is later urged upon a federal court in habeas proceedings. See also *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979).[1]

This case is quite different from *Gully v. Kunzman, supra.* There the petitioner raised the double jeopardy question in the state trial court following reversal of his conviction in an effort to prevent retrial and then sought pretrial appellate review by applying to the state supreme court for a writ of mandamus or prohibition. 592 F.2d at 287. Webster took none of these steps. The exhaustion requirement is rooted in important principles of federalism. The Supreme Court summarized its history and purposes in *Picard v. Connor, supra,* as follows:

It has been settled since *Ex parte Royall*, 117 U.S. 241 [6 S.Ct. 734, 29 L.Ed. 868] (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. See, *e. g., Nelson v. George*, 399 U.S. 224, 229 [90 S.Ct. 1963, 1966–67, 26 L.Ed.2d 578] (1970); *Irvin v. Dowd*, 359 U.S. 394, 404–405 [79 S.Ct. 825, 831–32, 3 L.Ed.2d 900] (1959); *Ex parte Hawk*, 321 U.S. 114 [64 S.Ct. 448, 88 L.Ed. 572] (1944). The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, *Fay v. Noia*, 372 U.S. 391, 419–420 [83 S.Ct. 822, 838–39, 9 L.Ed.2d 837] (1963); *Bowen v. Johnston*, 306 U.S. 19, 27 [59 S.Ct. 442, 446, 83 L.Ed. 455] (1939), "an accommodation of our federal system designed to give the State the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson, ante,* [404 U.S.] p. 249, at 250 [92 S.Ct. 407 at 408, 30 L.Ed.2d 418]. We have consistently adhered to this federal policy, for "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 [70 S.Ct. 587, 590, 94 L.Ed. 761] (1950) (overruled in other respects, *Fay v. Noia, supra,* [372 U.S.] at 435–436 [83 S.Ct. at 847–48]). It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. See, *e. g., Wilwording v. Swenson, supra,* [404 U.S.] at 250 [92 S.Ct. at 407]; *Roberts v. LaValee*, 389 U.S. 40, 42–43 [88

---

1. This is not to hold that talismanic words such as "double jeopardy" must be used to raise a constitutional issue. However, it is clear that there was no effort by the petitioner to bring the double jeopardy implications of a remand to the attention of the Supreme Court of Kentucky. Compare *Delk v. Atkinson,* 665 F.2d 90 (6th Cir. 1981).

**90**

S.Ct. 194, 196–97, 19 L.Ed.2d 41] (1967); *Brown v. Allen*, 344 U.S. 443, 447–450 [73 S.Ct. 397, 402–04, 97 L.Ed. 469] (1953). 404 U.S. at 275, 92 S.Ct. at 512 (footnote deleted). These considerations are particularly compelling in the present case. Following denial of habeas relief by the district court, Webster was again tried and convicted in the state court. He now has pending in the Supreme Court of Kentucky an appeal in which he has raised the issue of double jeopardy. (Statement of petitioner's counsel at oral argument).

The judgment of the district court is affirmed.