Pedro L. RAMIREZ, Petitioner,

v.

W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent.

Civ. A. No. H–82–2549.

United States District Court,
S.D. Texas,
Houston Division.

March 8, 1983.

Pedro L. Ramirez, pro se.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent.

### ORDER

McDONALD, District Judge.

Came on to be heard the Respondent's, W.J. Estelle, Jr., Director, Texas Department of Corrections, Motion to Dismiss and Answer. This is an action for a Writ of Habeas Corpus pursuant to Rule 22 of the Federal Rules of Appellate Procedure, 28

U.S.C. § 2241 et seq., 28 U.S.C. § 2254 et seq. Having considered the arguments of the parties and the applicable law, this Court is of the opinion that the Respondent's Motion to Dismiss should be GRANTED.

On March 27, 1980, the petitioner, Pedro Luis Ramirez, was indicted by the Grand Jury of Harris County, Texas, with the offense of aggravated robbery. Tex. Penal Code Ann. tit. 7, §§ 29.02(a)(2); 29.03(a)(2). On May 21, 1980, the petitioner was tried by a jury on a plea of not guilty in the 174th District Court of Harris County, Texas, before the Honorable Jon Hughes. On May 27, 1980, the jury returned a verdict of guilty of the offense charged and was sentenced to seventeen (17) years confinement in the Texas Department of Corrections. Notice of Appeal was given orally in open court at the conclusions of the trial.

On May 21, 1980, the petitioner Ramirez filed an appeal to the Court of Criminal Appeals for the 14th Supreme Judicial District of Texas. Mr. Ramirez was represented by retained counsel, Mr. Michael Hines, during the trial and on the subsequent appeal. During the pendency of the appeal, the defense counsel requested and received three extensions for the filing of appellant's brief. On September 25, 1981, more than nine months from the initial time for filing his appellate brief, appellant filed his arguments with the trial court. In the appellant's brief, defense counsel raised two points of error in the trial court proceedings before the Court of Criminal Appeals.

A trial transcript and record in Cause No. 312152 was prepared for the purpose of appeal at the request of Ramirez's counsel. On May 7, 1981, Ramirez filed a motion with the Clerk of the Court requesting an Order to obtain a trial transcript and records in Cause No. 312152. The defendant's motion stated that "he will . . . use . . . the trial transcript in the preparation of a pro se, supplemental brief on direct appeal." No record of indigency was reflected in the record on appeal and the clerk declined the petitioner's request to obtain the above requested records and transcripts from his criminal trial free of charge. The defendant's motion made no representations as to his efforts, if any, to obtain certified copies of material in question from his own counsel prior to filing the motion in question.

On February 4, 1982, the Court of Appeals for the 14th Supreme Judicial District of Texas affirmed the conviction. *State v. Ramirez*, No. B–14–81–38–CR. The petitioner filed a writ of habeas corpus alleging that the state district court committed constitutional error when it refused to furnish him with a free, full transcript of his trial. The petitioner also argues that the failure of the trial court to provide him with a free copy of the trial transcript deprived him of the effective assistance of counsel.

■ An indigent defendant may not be deprived of "the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). The transcript of a prior trial is, of course, valuable help to the defense in preparing for a direct appeal of a criminal conviction. The Supreme Court has consistently recognized that an indigent is entitled to a complete transcript free of charge without showing a particular need for the transcript. *Britt,* 92 S.Ct. at 434; *Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *United States v. Smith,* 605 F.2d 839 (5th Cir. 1979).

■ Examining the circumstances of Ramirez's request, this Court finds for the following three reasons that he was not unconstitutionally deprived of a transcript. First, at the time the trial court received the defendant's motion, the record on appeal did not reflect any indication of indigency. (*See* State Court Records: Letter Notice to Judge, Defense Counsel and District Attorney of expiration of time for filing statement of facts, September 8, 1980; January 22, 1981.) Under Article 40.09(5) of the Texas Code of Criminal Procedure, the court will order the reporter to provide a transcript without charge if the trial court finds that the defendant is un-

able to pay or give security.[1] The trial court's determination of indigency, however, is triggered by the filing of an affidavit of indigency by the defendant. In the case at bar, at the time the request was denied the petitioner had failed to file an affidavit of indigency. Moreover, the petitioner was represented by counsel at the trial court level, and by the same counsel on appeal. In the absence of any evidence of indigency the district court properly denied the non-indigent petitioner's motion for a free copy of the trial transcript. *See Schlang v. Heard,* 691 F.2d 796 (5th Cir. 1982).[2]

■ Second, presuming that the petitioner was indigent at the time of the appeal there was an adequate appellate review. The constitution does not guarantee that the mere request for a transcript by an indigent imposes a constitutional duty on the trial court to provide it free of charge. *United States v. Smith,* 605 F.2d 839, 843 (5th Cir.1979). Rather, it is the "access to the instruments needed to vindicate legal rights which if based upon the financial situation of the defendant that are repugnant to the Constitution." *Roberts* at 196. The touchstone of the Supreme Court's transcript decision is that an indigent "defendant must be afforded an adequate appellate review as defendants who have money enough to buy transcripts." *See Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30

L.Ed.2d 372 (1971). "In terms of a trial record, this means that the state must afford an indigent a record of sufficient completeness to permit proper consideration of his claims." *See Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 781, 9 L.Ed.2d 899 (1963). In the instant case, the petitioner was represented by retained counsel on appeal. Moreover, petitioner's counsel filed an appellate brief which addressed the merits of errors alleged to have occurred at the trial court level. On this basis, this Court concludes that the petitioner was afforded an adequate and effective appellate review.

Third, the petitioner must first exhaust his private source of access to transcripts and records by making some demonstrable effort to obtain the material from the counsel acting on his behalf. *See United States v. Davidson,* 438 F.Supp. 1253 (N.D.Ind. 1977). The appellate court brief filed by counsel for the petitioner contained numerous references to the record. It is clear from an examination of the appellate brief filed on petitioner's behalf that his counsel had unhampered access to a complete record. As his counsel, the records must be made available to him if requested. It is apparent, therefore, that the petitioner's current indigency did not deny him access to the trial record. The material for the petitioner to prepare his supplemental brief were in fact available to him through his counsel. Simply because the petitioner is indigent, the state is not "required to furnish a complete transcript so that [he] and

---

1. Vernon's Tex.Ann.C.C.P. art. 40.09(5) provides:

    A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and the defendant shall pay therefor. The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefor. Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed in a sum to be set by the trial

judge. The court reporter shall report any portion of the proceedings requested by either party or directed by the court.

2. On January 6, 1982, the petitioner filed an Affidavit of Poverty and a Motion titled "Alternative Pleadings" with the trial court requesting a free trial transcript or, in the alternative, a writ of habeas corpus. On January 25, 1982, pursuant to Vernon's Tex.Ann.C.C.P. art. 11.07, a supplemental transcript containing the above instruments were transmitted for review to the Court of Criminal Appeals. The fact that the Court of Appeals' Ramirez decision made no mention of the petitioner's allegations does not negate the fact that a fair opportunity for state court consideration was presented. *Ogle v. Estelle,* 592 F.2d 1264, 1268, n. 8 (5th Cir.1979).

[his] counsel may conduct fishing expeditions to seek out possible errors in trial." *See Moore v. Wainwright,* 633 F.2d 406, 408 (5th Cir.1980). From the facts before the Court, the petitioner's argument that his constitutional rights were violated is simply without merit.

Next Mr. Ramirez contends that the failure of the trial court to provide him with a free copy of the trial transcript deprived him of the effective assistance of retained counsel on his direct appeal to the Texas Court of Criminal Appeals. In the Fifth Circuit, the standard for constitutionally effective assistance of counsel is "not errorless counsel . . . but counsel reasonably likely to render and rendering reasonably effective assistance."[3] *Washington v. Watkins,* 655 F.2d 1346, 1355 (5th Cir.1981). On appeal, Ramirez's appellate counsel, Michael Hines, presented two grounds of error for review by the Texas Court of Criminal Appeals. As noted in the prior discussion, the defendant's appellate court brief was well reasoned and contained numerous references to the recorded testimony of witnesses at the trial.[4] The appellate's counsel argued vigorously that the trial court applied an erroneous standard in determining a waiver and erred in determining appellant made a knowing, intelligent and voluntary waiver. Indeed, a review of the brief indicates that the petitioner's counsel had complete access to the trial record and competently presented for review the alleged errors in the trial court proceedings. The petitioner's pleadings in the case at bar do not allege any other point of error which he seeks to document. Here, the Court need not hypothesize as to whether any imaginable points of appeal could have been raised by counsel. After a careful review of the state court records, this Court fails to find that the petitioner was prejudiced in any way and therefore, the claim of ineffective assistance of counsel is without merit.

In summary, this Court finds that none of Ramirez's asserted grounds justify federal habeas corpus relief. Accordingly, it is ORDERED, ADJUDGED, and DECREED that Respondent's Motion to Dismiss be, and hereby is, GRANTED.

---

**3.** There is no distinction between appointed and retained counsel for the purpose of determining whether a defendant has received ineffective assistance of counsel. *See Cuylen v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

**4.** The appellate brief filed by the petitioner is not a court-appointed attorney brief subject to the standard outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).