501 A.2d 269

**COMMONWEALTH of Pennsylvania**

v.

**Michael F. DEAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Nov. 29, 1985.

Thomas C. Anewalt, Allentown, for appellant.

James B. Martin, Assistant District Attorney, Allentown, for Com., appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

BROSKY, Judge:

This appeal is from judgment of sentence for two counts of arson, risking a catastrophe and criminal conspiracy. This case presents the question of whether an indigent defendant in Pennsylvania is entitled to a preliminary hearing transcript at state expense.[1] We agree that an indigent defendant is so entitled; however, we affirm since the appellant had a substantially equivalent alternative to the transcript.

### Facts

On the day prior to the preliminary hearing, appellant's counsel presented a motion requesting the court to authorize a court stenographer—at state expense since appellant was indigent—to take notes of testimony at the preliminary hearing. The motion was denied. At the preliminary hearing appellant's counsel was permitted to tape record the proceedings. Partial transcriptions of this tape recording were used at trial. On appeal appellant raises the properly

---

**1.** Appellant raises five other contentions in this appeal: (1) denial of petition to dismiss pursuant to Pa.R.Crim.P. 1100; (2) playing of tape recording of preliminary hearing at trial; (3) consolidation of two informations; (4) introduction into evidence of photographs taken at scenes of fires and (5) jury verdict contrary to the weight of the evidence. They are without merit.

preserved issue that he was entitled to a stenographic record of the preliminary hearing.

## Preliminary Hearing Transcript

Pennsylvania case law has not heretofore addressed whether an indigent defendant is entitled to a preliminary hearing transcript at state expense. *Commonwealth v. Gelormo*, 327 Pa.Super. 219, 226 n. 4, 475 A.2d 765, 768 n. 4 (1984). It is, however, axiomatic that, while a state can expand rights granted by the Federal Constitution, it cannot constrict those rights. Since the right in question has a Federal Constitutional basis, we must, perforce, recognize it in this Commonwealth.

In *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891, 899 (1956), the United States Supreme Court stated: "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." The Court in *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) extended *Griffin* to include provision for a free transcript prior to trial of a preliminary hearing to indigent defendants. The analysis in *Roberts* was grounded in the Equal Protection clause. The case concluded that where a state statute enabled criminal defendants to buy a preliminary hearing transcript, it would have to be provided at no expense to an indigent defendant.

However, *Griffin* had already rejected the requirement that states provide a free transcript in every case. Instead, the Court stated that other means may be found to afford "adequate and effective appellate review for indigent defendants." *Griffin*, supra, at 20. This reasoning was followed in *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), where the Supreme Court upheld the denial of an indigent defendant's request for a free transcript of his first trial since there was available "an

informal alternative which appears to be substantially equivalent."

■ The facts of the case at bar reveal that the trial court erred in not providing a free transcript of a preliminary hearing to an indigent defendant in accordance with *Roberts*.[2] In this Commonwealth a defendant may have a stenographic record of a preliminary hearing made. Pa.R. Crim.P. 141(c)(4). The parallelism mandated by the Equal Protection Clause is that the same be provided by the state for the indigent defendant.

■ Nevertheless, this was not reversible error since appellant exercised his prerogative under Pa.R.Crim.P. 141(c)(4)[3] and made a tape recording of the preliminary hearing. This tape recording must be considered, in light of *Griffin* and *Britt*, a substantial equivalent of the transcript.[4]

**2.** Certainly, *Roberts* has not received the currency to which it is entitled by virtue of both its issuing authority and the frequency of preliminary hearings. This would appear to be the result of benign neglect; a process more frequently acknowledged in the political than the jurisprudential arena. When courts find a case particularly unpalatable, it is not unknown for them to simply ignore it. What is, strictly speaking, binding precedent, becomes, operationally, an aberration in the law. We do not join in according *Roberts* this ignominious fate because we find its holding consistent with our view of a constitutionally ordered society, and, of course, because it is binding precedent.

**3.** The predecessor to Rule 141(c)(4), Rule 120(b)(4), specified that if a defendant wanted to have a stenographer present, he had to do so "at his own expense." Upon amendment and renumbering of Rule 120(b), this language was deleted. *Commonwealth v. Gelormo*, supra, at n. 4. The amendment and renumbering of the rule, which first took place in September, 1973, could be interpreted as a recognition of *Roberts*.

**4.** Since this Commonwealth permits the non-indigent to have a stenographic record of preliminary hearings made, it must provide this service, or a substantially equivalent alternative, to indigent defendants at its own expense. Here appellant's counsel happened to make a substantially equivalent tape recording of the proceedings. However, it must be made quite clear that appellant could not have been forced to make a tape recording at his own expense in lieu of a stenographic record. The right declared in *Roberts* and redeclared here is not a chimera; it is a real and enforceable right, activated on demand.

In reaching this conclusion we note that in *Commonwealth v. Minifield,* 225 Pa.Super. 149, 310 A.2d 366 (1973), this Court held that the absence of notes of testimony from the preliminary hearing was not a *per se* denial of due process of law. *Minifield* and its progeny are distinguishable on the grounds that the focus of *Minifield* was that of due process and not one of equal protection as found in the case at bar. (*Minifield* itself appears to make this distinction.) It is not inconsistent to hold that the absence of a preliminary hearing transcript does not necessarily deprive a defendant of a fair trial or due process of law and to also recognize that unequal access to such a transcript, depending on a defendant's economic ability to buy it, is a violation of the Equal Protection Clause.

Another, separate, basis exists for distinguishing *Minifield.* There the record did "not indicate that a request for a transcription of the notes was made at the time of the hearing." *Minifield,* supra, 225 Pa.Superior Ct. at 155, 310 A.2d at 369. Instantly, and in *Roberts,* such a request was made.

Therefore, we hold that upon request a stenographer and transcription or a substantially equivalent alternative must be provided at state expense to an indigent defendant for a preliminary hearing. Administrative considerations mandate that such a request be made prior to the time of the preliminary hearing to ensure the presence of a stenographer as well as to preclude delay of the proceedings. See *Gelormo,* supra.

Judgment of sentence affirmed.