**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**MASEFAU SUIAUNOA, Defendant**

High Court of American Samoa
Trial Division

CR. No. 13-93

September 24, 1993

---

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Donald M. Sheehan, Assistant Attorney General
For Defendant, Gata E. Gurr

On Motion to Prepare Free Transcript:

Defendant requests the court to order, free of charge, the preparation of the complete transcript of the first trial in this matter (which was declared a mistrial on August 26, 1993, owing to the jury's inability to arrive at a unanimous verdict), to be made available by November 30, 1993, the date set for retrial. No reasons are given for the request; however, the related proceedings involved some two weeks of testimony.

The defendant is an indigent, and while he is not to be prejudiced in his defense because of his indigent circumstances, *see* *Roberts v. LaValle*, 389 U.S. 40 (1967), this certainly does not mean that he is entitled to a transcript as of right simply upon demand. The judicial branch has only three court reporters to cover the needs of two justices and one district court judge. Besides their daily reporting of court proceedings, the reporters are also involved with the preparation of trial transcripts requested by parties in anticipation of the pending appellate session in the month of November. At the same time, they are the only reporters on island available to attend to the discovery needs of attorneys. These are the realities in American Samoa which furnish context to *Roberts v. LaValle*.

The equal protection concerns of *Roberts v. LaValle* merely ensure that an indigent defendant shall not be disadvantaged in his defense simply because he cannot afford the usual money charge for the production of a transcript. These equal protection concerns are not the same thing as an unrestricted license to burden the court's resources without question and without regard to need. *Roberts v. LaValle* stands for the proposition that an indigent defendant is not to be disadvantaged by his financial status; it does not mean that he is to be favored because of his status. Certainly, the equal protection concerns of *Roberts v. LaValle* do not translate into defense counsel's convenience.

162

Both counsel and the defendant were present throughout the course of the proceedings thus far; they ought to know what transpired below and, therefore, what it is they are specifically looking for in order to prepare for trial.

These requests for transcripts from indigent defendants, as compared to non-indigent defendants, are becoming rather routine. The habitual expectation of the *entire* transcript of an earlier proceeding, even in the vague hope that something may come up, is thoroughly discouraged. Additionally, the need for a transcript should be seasonably discovered by counsel, and motions should be seasonably made rather than impose unnecessarily pressing deadlines on the reporters.

On showing made, the motion is DENIED.

It is so ordered.